In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00044-CV


______________________________




RODNEY AND WILLIE PHILLIPS, Appellants



V.



LOWELL COLEMAN, PROGRESSIVE COUNTY 


MUTUAL INSURANCE COMPANY, AND 


PROGRESSIVE CASUALTY INSURANCE COMPANY 


(PROGRESSIVE INSURANCE COMPANIES), Appellees




 


On Appeal from the 129th Judicial District Court


Harris County, Texas


Trial Court No. 2001-10130




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Rodney and Willie Phillips have filed a notice of appeal from the dismissal of their
lawsuit. This case was transferred from the First Court of Appeals to this Court pursuant
to a docket equalization order of the Supreme Court of Texas. 

 According to the notice of appeal, the judgment was signed November 2, 2001. We
do not know whether a motion for new trial was filed, but if so, the record was due no later
than March 4, 2002. No record has been requested or filed. There is no indication of
indigence, and despite letters sent by this Court and by the First Court of Appeals in
Houston before transfer, counsel has made no effort to pursue this appeal either by paying
filing fees or by taking any other action in this case. 

 On June 24, 2002, we wrote counsel and warned him that, if he did not cure these
defects and take some action in this case within ten days, his appeal would be dismissed
for want of prosecution pursuant to Tex. R. App. P. 42.3(b),(c).

 Counsel has neither responded nor taken any action in this appeal.

 The appeal is dismissed for want of prosecution.


 Donald R. Ross

 Justice


Date Submitted: July 22, 2002

Date Decided: July 23, 2002


Do Not Publish



ption Locked="false" Priority="9" QFormat="true" Name="heading 7"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00020-CR

                                                ______________________________

 

 

                                         CLYDE
PHILLIPS, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-1027-09

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Clyde
Phillips appeals[1] a trial
courts judgment adjudicating his guilt for possession of a controlled
substance and sentencing him to four years incarceration.[2]  In a single point of error, Phillips
complains that the trial courts judgment[3]
incorrectly reflect[s] that Mr. Phillips entered a plea of true to the
entirety of the Motion to Adjudicate. 
Phillips argues that although he pled true to several allegations of
community supervision violations, he pled not true as to one allegation.  He urges this Court to reform the portion of
the judgment stating Plea to Motion to Adjudicate:  True. 
The State has agreed that the Court has the authority to correct this
mistake in the judgment.  We modify the
judgment accordingly. 

            The Texas
Rules of Appellate Procedure give this Court authority to reform judgments to
make the record speak the truth when the matter has been called to our
attention by any source.  Tex. R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten v. State, 299 S.W.3d 349, 356
(Tex. App.Texarkana 2009, no pet.).  The
record reflects that Phillips pled true to the following allegations in the
States motion to adjudicate:  commission
of the new offense of fleeing from a police officer, change of address without
permission, failure to pay court-appointed counsel fees, failure to pay for
urinalysis fees, failure to pay monthly supervision fees, failure to pay
restitution, failure to pay substance abuse questionnaire fee, and failure to
pay Crimestoppers fee.[4]  However, with respect to the allegation that
Phillips attempted to alter or falsify drug test results by flushing with
water, a plea of not true was entered.  

            We hereby
modify the trial court's judgment to reflect Phillips plea of true to the
allegations contained within paragraphs II, III, VII, VIII, IX, X, XI, and XII of
the States motion to adjudicate and his plea of not true to the allegation
contained within paragraph VI.  

            As
modified, we affirm the trial courts judgment. 

 

 

 

 

                                                                                    Bailey
C. Moseley

                                                                                    Justice

 

Date Submitted:          June
15, 2011  

Date Decided:             June
16, 2011

 

Do Not Publish           

 

 

 

 

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Govt Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]Phillips
presents a single brief
addressing this case and the trial courts adjudication of guilt for a separate
offense of possession of marihuana. The issues and arguments are the same for
both convictions, and we reach the same conclusion in both cases.  Please see our opinion of instant date, Phillips
v. State, cause number
061100021CR.

 





[3]Phillips
does not challenge the sufficiency of the evidence supporting revocation.  A plea of true to even one allegation is
sufficient to support a judgment revoking community supervision.  Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).   





[4]The
allegations to which Phillips pled true were contained within paragraphs II,
III, VII, VIII, IX, X, XI, and XII in the States motion to adjudicate
guilt.  The State abandoned allegations
contained in paragraphs IV and V. 
Phillips pled not true to Paragraph VI.