NO. 07-03-0108-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 4, 2003



______________________________




JUANITA VALLEJO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-94J-130; HONORABLE FELIX KLEIN, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Juanita Vallejo appeals from a judgment revoking her community
supervision and sentencing her to three years imprisonment. In 1995, appellant pled guilty
to the offense of theft of property with a value of more than $750 and less than $20,000
pursuant to a plea bargain agreement. She was sentenced to eight years confinement,
which sentence was probated for eight years. The State subsequently filed an amended
motion to revoke her probation in which it alleged that she had 1) failed to report to her
probation officer from August 1995 through October 2001, 2) been in a place of harmful
character where alcoholic beverages are allowed, and 3) failed to make her monthly
payments. At the hearing, appellant pled true to the first and third grounds, although (with
respect to the third ground) she claimed to be unable to pay. The trial court found that the
allegations in the first and third paragraphs were true and revoked her probation. 

 Appellant's counsel has now moved to withdraw, after filing a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing
that she has searched the record and found no arguable grounds for reversal. The motion
and brief illustrate that counsel notified appellant of her right to review the appellate record
and file her own brief. So too did we attempt to inform appellant at her last known address
available to us that any pro se response or brief she cared to file had to be filed by
September 3, 2003. (2) No response has been received. 

 In compliance with the principles enunciated in Anders, appellate counsel explained
why there existed no arguable ground for appeal. For instance, she acknowledged that
appellant's plea of true to any one of the grounds alleged in the motion to revoke probation
was sufficient to support the decision to revoke her probation. See Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. 1979) (so holding). Appellate counsel also explained
why trial counsel did not render ineffective assistance, despite appellant's statement at the
revocation hearing that she wished that her retained counsel had obtained all of her
medical records back to 1995. Those records purportedly would have shown that she had
been unable to report to her probation officer due to numerous medical appointments. (3) 
Moreover, nothing of record would permit this court to conclude that but for counsel's
alleged omission, the result of the proceeding would have been different. Indeed, the
records appellant obtained did not substantiate her claim that she had medical
appointments three to five times a week and, therefore, was unable to report. The record 
before us also illustrates that appellant had her medical problems prior to being placed on
probation but only reported the first two months to her probation officer. So too does it
depict that appellant failed to telephone her probation officer to explain her circumstances. 
Thus, even if appellant had not pled true to the allegation that she failed to report, the trial
court would have been free to believe that her medical appointments did not prevent her
from reporting or making other arrangements to fulfill her reporting requirements.

 We have also conducted an independent review of the record to determine whether
there existed reversible error and found none. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (requiring us to conduct an independent review). No appeal was
taken within 30 days from the date of appellant's guilty plea and order placing her on
community supervision; thus, we have no jurisdiction over purported error arising at or
before that hearing. Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). 
Further, the punishment assessed was within the range prescribed by law. Tex. Pen.
Code Ann. §31.03(e)(4)(A) (Vernon Supp. 1993) (stating the offense is a third degree
felony); Id.§12.34(a) (stating the range of punishment for a third degree felony is not more
than ten years or less than two years).

 Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the
trial court. 


 Brian Quinn

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon 1998). 
2. The letter was returned as undeliverable. This court knows of no other address at which appellant
can be contacted.
3. The record indicates that the revocation hearing was adjourned to some time later to allow
appellant's counsel time to obtain her medical records.