NO. 07-03-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 4, 2003

_____

JUANITA VALLEJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-94J-130; HONORABLE FELIX KLEIN, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Juanita Vallejo appeals from a judgment revoking her community supervision and sentencing her to three years imprisonment. In 1995, appellant pled guilty to the offense of theft of property with a value of more than $750 and less than $20,000 pursuant to a plea bargain agreement. She was sentenced to eight years confinement, which sentence was probated for eight years. The State subsequently filed an amended

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 1998).

motion to revoke her probation in which it alleged that she had 1) failed to report to her probation officer from August 1995 through October 2001, 2) been in a place of harmful character where alcoholic beverages are allowed, and 3) failed to make her monthly payments. At the hearing, appellant pled true to the first and third grounds, although (with respect to the third ground) she claimed to be unable to pay. The trial court found that the allegations in the first and third paragraphs were true and revoked her probation.

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that she has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that counsel notified appellant of her right to review the appellate record and file her own brief. So too did we attempt to inform appellant at her last known address available to us that any *pro se* response or brief she cared to file had to be filed by September 3, 2003.[2] No response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel explained why there existed no arguable ground for appeal. For instance, she acknowledged that appellant's plea of true to any one of the grounds alleged in the motion to revoke probation was sufficient to support the decision to revoke her probation. *See Cole v. State,* 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (so holding). Appellate counsel also explained why trial counsel did not render ineffective assistance, despite appellant's statement at the revocation hearing that she wished that her retained counsel had obtained all of her

---

[2]The letter was returned as undeliverable. This court knows of no other address at which appellant can be contacted.

medical records back to 1995. Those records purportedly would have shown that she had been unable to report to her probation officer due to numerous medical appointments.[3] Moreover, nothing of record would permit this court to conclude that but for counsel's alleged omission, the result of the proceeding would have been different. Indeed, the records appellant obtained did not substantiate her claim that she had medical appointments three to five times a week and, therefore, was unable to report. The record before us also illustrates that appellant had her medical problems prior to being placed on probation but only reported the first two months to her probation officer. So too does it depict that appellant failed to telephone her probation officer to explain her circumstances. Thus, even if appellant had not pled true to the allegation that she failed to report, the trial court would have been free to believe that her medical appointments did not prevent her from reporting or making other arrangements to fulfill her reporting requirements.

We have also conducted an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). No appeal was taken within 30 days from the date of appellant's guilty plea and order placing her on community supervision; thus, we have no jurisdiction over purported error arising at or before that hearing. *Manuel v. State,* 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). Further, the punishment assessed was within the range prescribed by law. TEX. PEN. CODE ANN. §31.03(e)(4)(A) (Vernon Supp. 1993) (stating the offense is a third degree

---

[3] The record indicates that the revocation hearing was adjourned to some time later to allow appellant's counsel time to obtain her medical records.

felony); *Id.*§12.34(a) (stating the range of punishment for a third degree felony is not more than ten years or less than two years).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.