Ronald Lee Kammerer v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-401-CR

RONALD LEE KAMMERER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In September 2000, Appellant Ronald Lee Kammerer pled guilty to felony DWI pursuant to a plea bargain.  The trial court found him guilty and sentenced him to a two-year driver's license suspension, a $1,500 fine, and ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, probated for ten years.  Less than sixteen months later, the State filed a motion to revoke Appellant's community supervision.  After Appellant pled true to certain allegations in the motion and after a hearing, the trial court revoked Appellant's community supervision and reduced the confinement portion of his sentence to eight years.  The Texas Court of Criminal Appeals granted Appellant an out-of-time appeal based on the trial court's findings of fact and conclusions of law providing that trial counsel rendered ineffective assistance by failing to file a timely appeal.  In three points, Appellant appeals from the revocation.  Because we hold that the trial court did not err and that the record does not show ineffective assistance of counsel before the trial court entered the judgment of revocation, we affirm the trial court's judgment.

In his first point, Appellant contends that he was denied due process of law because the State failed to prove by a preponderance of the evidence that he violated a condition of probation as alleged in its motion to revoke.  In his second point, Appellant contends that the evidence is insufficient to support a finding that he violated his probation by failing to avoid “vicious or injurious habits.”

We review an order revoking community supervision under an abuse of discretion standard.
(footnote: 2)  Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.
(footnote: 3)  A plea of true, standing alone, is sufficient to support the revocation of community supervision.
(footnote: 4)
 The judgment placing Appellant on community supervision provides in relevant part:

[D]uring the term of this supervision the Defendant SHALL:

. . . . 

2. Avoid vicious or injurious habits, abstain from the use of controlled substances, alcohol, dangerous drugs, inhalants and narcotics or habit forming drugs without a doctor's prescription.

The State's motion to revoke alleged, among other violations, that Appellant used and tested positive for alcohol.  Appellant pled true to these allegations.  Appellant also testified that he had two drinks to calm him down because he was off his anti-depression and anti-anxiety medication.  Appellant's plea of true, standing alone, is sufficient to support the revocation.
(footnote: 5)  We therefore overrule Appellant’s first two points.

In his third point, Appellant contends that he was denied due course of law at the revocation hearing when counsel did not investigate the facts or law or discuss the motion to revoke with him.  Appellant concedes that the trial record does not show that trial counsel failed to adequately review the revocation proceedings or inform his client; instead, it shows only that trial counsel was held in contempt for being late to the hearing.  Appellant argues, however, that the trial court's finding that counsel was ineffective for not filing a notice of appeal should defeat the presumption of reasonable professional assistance. The Texas Court of Criminal Appeals has already relied on that finding to grant Appellant relief—an out-of-time appeal.  Applying the appropriate standard of review,
(footnote: 6) we hold that Appellant has failed to show that his trial counsel performed deficiently before the trial court pronounced his sentence and also consequently failed to show that any deficient performance prejudiced his defense.  We therefore overrule Appellant’s third point.

Having overruled Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 30, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Cardona v. State
, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); 
Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

3:
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); 
Sanchez v. State
, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

4:
Cole v. State
, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

5:
See id.

6:
See Strickland v. Washington
, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 2064-66, 2068 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999).