In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-078 CR


____________________



LOGAN HAYWOOD CORMIER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B030728-R






MEMORANDUM OPINION



 Pursuant to a plea bargain, appellant Logan Haywood Cormier pleaded guilty to
robbery, and the trial court sentenced him to ten years of confinement in the Texas
Department of Criminal Justice - Institutional Division. The trial court ordered Cormier to
participate in the Special Alternative to Incarceration Program ("boot camp"), and after
Cormier completed boot camp, the trial court suspended imposition of sentence and placed
Cormier on probation. Subsequently, the State filed a motion to revoke Cormier's probation. 
The motion to revoke alleged that Cormier had violated his probation by failing to report to
his probation officer; failing to remain in Orange County, Texas and Calcasieu Parish,
Louisiana; failing to abstain from the use or possession of any drugs except those taken or
possessed under doctor's orders; failing to participate in two hundred hours of community
service (and to participate at a rate of no less than five hours per week); and failing to submit
to an evaluation at a rehabilitation facility.

 Cormier pleaded "true" to all of the alleged violations except the allegation that he had
failed to abstain from use or possession of any drugs other than those taken or possessed
under a doctor's orders. After conducting a hearing, the trial court revoked Cormier's
probation and sentenced him to nine years and one hundred and sixty days of confinement.
Cormier then filed this appeal, in which his sole contention is that the evidence was
insufficient to revoke his probation. We affirm.

 We review a trial court's decision to revoke probation under an abuse of discretion
standard. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Brooks v. State,
153 S.W.3d 124, 126 (Tex. App.--Beaumont 2004, no pet.). At a probation revocation
hearing, the State must establish the alleged violations by a preponderance of the evidence. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of violation of a single
condition of probation is sufficient to support a trial court's decision to revoke probation. 
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Furthermore, a
"plea of true, standing alone, is sufficient to support the revocation of probation." Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

 In this case, Cormier pleaded "true" to violating four of the terms of his probation. 
Cormier's pleas of "true" were sufficient evidence to support the trial court's judgment. See
id. Therefore, the trial court did not abuse its discretion by revoking Cormier's probation. 
We overrule Cormier's sole issue and affirm the trial court's judgment.

 AFFIRMED.


 ______________________________ CHARLES KREGER

 Justice

 

Submitted on September 5, 2006

Opinion Delivered December 13, 1006

Do Not Publish

 

Before Gaultney, Kreger, and Horton, JJ.