NO. 07-08-0201-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 24, 2008

______________________________

IN RE CHARLES HAYES, RELATOR 
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Relator Charles Hayes, filed a Petition for Writ of Mandamus on May 7, 2008. He
did not pay the filing fee required under the Rules of Appellate Procedure, nor did he file
an affidavit of indigence in conformity with Rule of Appellate Procedure 20.1. By letter from
this Court dated May 7, 2008, we advised relator that “the filing fee in the amount of
$125.00 has not been paid. Failure to pay the filing fee within ten (10) days from the date
of this notice may result in a dismissal.” Tex. R. App. P. 42.3(c). Relator has not paid the
fee as directed or filed an affidavit of indigence. 
          Accordingly, we dismiss the appeal. See Tex. R. App. P. 5, 42.3(c). 
                                                                Mackey K. Hancock

                                                                        Justice 






 the motion to revoke. Cobb v. State, 851
S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the
trial court abuses its discretion in revoking community supervision. Cardona, 665 S.W.2d
at 494. When more than one violation of the conditions of probation is found by the trial
court, the order revoking probation will be affirmed if one sufficient ground for revocation
supports a revocation order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). 
Furthermore, a defendant's plea of true standing alone is sufficient to support the trial
court's revocation order. Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979).

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 80,
109 S.Ct. 346, 102 L.Ed 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have not found any arguable issues and agree with counsel
that an appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974); Lacy
v. State, 477 S.W.2d 577, 578 (Tex.Crim.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.


 Phil Johnson

 Chief Justice




Do not publish.