Emma Jewel COLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 59957.

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 14, 1979.

Rehearing En Banc Denied
March 28, 1979.

Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty. and Stephen J. Wilensky, Asst. Dist. Atty., Dallas, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On March 1, 1974, appellant entered a plea of guilty to the offense of burglary of a habitation. Punishment was assessed at three years, probated.

On September 8, 1975, the State filed a motion to revoke appellant's probation, alleging, inter alia, that the appellant violated a condition of her probation in that she failed to report as directed in July, August, and September, 1975. The appellant pled true to this allegation, but was allowed to present "circumstances" for the court's consideration. The trial court revoked the probation, and reduced punishment to two years.

Appellant contends that the trial court erred in not withdrawing the appellant's plea of true when defensive issues were raised. The appellant also maintains that the evidence was insufficient to support a finding that the appellant failed to report as alleged.

In *Roberson v. State*, 549 S.W.2d 749, this Court held that the trial court should have withdrawn a plea of true when the probationer took the stand and raised a defensive issue. The Court cited *Gates v. State*, Tex. Cr.App., 543 S.W.2d 360, and *Woodberry v. State*, Tex.Cr.App., 547 S.W.2d 629, in support of this holding. In *Roberson*, the State alleged that the probationer had committed a burglary, and thus violated a condition of his probation. The probationer pled true to the allegation, but testified that he had no

intent to commit theft when he entered the habitation. Although this Court affirmed the revocation on other grounds, it held that the trial court should have withdrawn the plea and entered a plea of not true.

In *Moon v. State*, 572 S.W.2d 681, this Court was faced with the similar situation of whether a trial court is obligated to withdraw a plea of guilty when the evidence raises defensive issues. This Court held that when the defendant waives a jury trial and pleads guilty to the trial court, the trial court has no duty to withdraw the plea sua sponte even if the evidence raises defensive issues. The Court stated:

"The 1965 Code of Criminal Procedure provides that a defendant may waive a jury trial and enter a plea of not guilty before the court in all except capital cases. Articles 1.13 and 1.14, V.A.C.C.P. There now seems no valid reason for the court to withdraw the guilty plea and enter a plea of not guilty for the defendant when the defendant enters a plea of guilty before the court after waiving a jury. It is the duty of the trial court to consider the evidence submitted and as the trier of the facts the court may find the appellant guilty of a lesser offense and assess the appropriate punishment or it may find the defendant not guilty. It would serve no purpose to withdraw the plea of guilty and enter a not guilty plea. Those cases in which this Court has reached a different result are overruled to the extent they conflict with the opinion in this case." 572 S.W.2d at 682.

Those prior cases reaching a different result included *Gates v. State*, supra, and *Woodberry v. State*, supra, relied on by the Court in *Roberson*.

■ A probationer is not entitled to a jury at the hearing to revoke his probation. Article 42.12, Sec. 8(a), V.A.C.C.P.; *Valdez v. State*, Tex.Cr.App., 508 S.W.2d 842. In probation revocations, just as in guilty pleas after a waiver of jury trial, the trial court is the sole trier of facts. *Battle v. State*, Tex.Cr.App., 571 S.W.2d 20; *Grant v. State*, Tex.Cr.App., 566 S.W.2d 954; *Kelley v. State*, Tex.Cr.App., 550 S.W.2d 69. As the

Court noted in *Moon*, the trial court must make its findings after consideration of all evidence presented, including defensive issues. See *Houlihan v. State*, Tex.Cr.App., 551 S.W.2d 719; *Hulsey v. State*, Tex.Cr. App., 447 S.W.2d 165. Thus, here, as in *Moon*, there is no reason for the trial court to withdraw the defendant's plea of true even if he later presents defensive issues.

We hold that the trial court did not err in failing to withdraw the plea of true.

■ *Roberson v. State*, supra, also held that since Roberson's plea of true should have been withdrawn, his challenge to the sufficiency of the evidence would be reviewed notwithstanding the plea of true. 549 S.W.2d at 750–751. This Court had previously held that the sufficiency of the evidence could not be challenged in the face of a plea of true. *Benoit v. State*, Tex.Cr. App., 561 S.W.2d 810; *Jiminez v. State*, Tex.Cr.App., 552 S.W.2d 469; *Guillot v. State*, Tex.Cr.App., 543 S.W.2d 650; *Mitchell v. State*, Tex.Cr.App., 482 S.W.2d 221. In light of our discussion above, we find that appellant's plea of true, standing alone, is sufficient to support the revocation of probation.

We find that the trial court did not abuse its discretion in revoking the appellant's probation. Insofar as our decision in *Roberson v. State*, supra, conflicts with this decision, it is overruled.

The judgment is affirmed.

ONION, P. J., dissents.