NO. 07-06-0257-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 4, 2007


 ______________________________



WILLIAM CASSIDY WEAVERS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;



NO. A3691-0203; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, William Cassidy Weavers appeals from a judgment revoking community
supervision and imposing sentence pursuant to a conviction for driving while intoxicated. 
We affirm.

 Appellant pled guilty to the offense of driving while intoxicated, a third degree felony,
on March 27, 2002, and was sentenced to seven years confinement in the Institutional
Division of the Texas Department of Criminal Justice; however, pursuant to a plea
agreement, the trial court probated the sentence and placed appellant on community
supervision for seven years. On March 29, 2006, the State filed a motion to revoke
appellant's community supervision alleging that appellant had committed three violations
of his community supervision. After a hearing on June 12, 2006, the trial court found the
allegations true, revoked appellant's community supervision, and ordered appellant to
serve the seven year sentence in the Institutional Division of the Texas Department of
Criminal Justice. 

 Appellant filed his notice of appeal contending that (1) the trial court abused its
discretion in revoking appellant's community supervision because the evidence was
insufficient to support the trial court's determination and, (2) that the revocation of his
community supervision constituted a denial of appellant's right to due process under the
United States and Texas Constitutions.

 In the present case, the State alleged three violations of community supervision by
appellant: (1) commission of a new offense against state law; (2) failure to perform
community service hours as required by the order placing appellant on community
supervision; and (3) operation of a motor vehicle without an ignition interlock device. At
the revocation hearing, appellant pled true to each of the allegations.

 A trial court's determinations during revocation hearings are reviewed for an abuse
of discretion. See Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). An
appellant's plea of true, standing alone, is sufficient to support the revocation of community
supervision. See Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979). To meet the
requirements of due process, the final revocation of community supervision must be
preceded by a hearing, where the defendant is entitled to written notice of the claimed
violations of his community supervision, disclosure of the evidence against him, an
opportunity to be heard in person and to present witnesses and documentary evidence,
a neutral hearing body, and a written statement by the fact finder as to the evidence relied
on and the reasons for revoking community supervision. See Ex parte Carmona, 185
S.W.3d 492, 495 (Tex.Crim.App. 2006). A trial court denies appellant due process if it
arbitrarily refuses to consider the entire range of punishment for an offense or if it refuses
to consider the evidence and imposes a predetermined punishment. Jefferson v. State,
803 S.W.2d 470, 471 (Tex.App.-Dallas 1991, pet. ref'd). 

 Considering that appellant pled true to all three violations, where any one of the
violations would be sufficient to revoke appellant's community supervision, we conclude
that the trial court did not abuse its discretion in making affirmative findings that the
evidence was sufficient to prove by a preponderance of the evidence that appellant had
violated his community supervision. See Cole, 578 S.W.2d at 128. We overrule
appellant's first issue.

 Next, appellant contends that the trial court did not consider mitigating evidence and
predetermined appellant's punishment. Appellant contends that the trial court's comments
that "I thought . . . I had given you my best speech . . . about people on felony DWI
probation. . . I have never seen anybody get as many breaks as you seem to have
received" demonstrate that the trial court was biased and had predetermined to revoke
appellant's community supervision and sentence him to the maximum sentence available. 
Appellant contends that he was denied due process because he was not afforded a neutral
hearing body. See Ex parte Carmona, 185 S.W.3d at 495. However, the trial court also
stated, "based upon the evidence presented, and your plea as entered, . . . the probation
previously granted to you is hereby revoked." Further, the comments appellant complains
of were made after appellant, his mother, step-grandmother, and friend testified on
appellant's behalf. Additionally, appellant has not shown, by record reference, that the trial
court disregarded the witnesses' testimony. Finally, the trial court's references to previous
admonishments and warnings given to appellant, without further evidence of bias, do not
demonstrate that the trial court predetermined appellant's sentence. See Brumit v. State,
206 S.W.3d 639, 645 (Tex.Crim.App. 2006) (warning alone insufficient to conclude trial
court predetermined sentence); See also Prater v. State, No. 07-06-0373-CR, 2007 WL
911836, *1 (Tex.App.-Amarillo March 27, 2007, no pet. h.) (mem. op., not designated for
publication). Absent a clear showing of bias, a trial court's actions will be presumed to
have been correct. Brumit, 206 S.W.3d at 645. We conclude that the trial court did not
deny appellant due process by revoking appellant's community supervision. We overrule
appellant's second issue.

Conclusion

 For the foregoing reasons, we affirm the trial court's revocation of appellant's
community supervision. 

 Mackey K. Hancock

 Justice



Do not publish. 



lse" Priority="68" Name="Medium Grid 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-09-0396-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 23, 2010

_____________________________

 

CARLOS TIJERINA,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

______________________________

 

FROM THE 154TH
DISTRICT COURT OF LAMB COUNTY; 

 

NO. 4162; HONORABLE
FELIX KLEIN, JUDGE

______________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER

 

 

Appearing
pro se, Carlos Tijerina
filed a document with this court that we mistakenly treated as a notice of
appeal.  Tijerina
subsequently filed a document explaining his original filing was intended to
place us on notice of a potential appeal if he received an unfavorable ruling
on matters pending in the trial court. 
Questioning our jurisdiction, we offered Tijerina
and the State an opportunity to address the issue further.  Neither responded.  

Our
appellate jurisdiction in a criminal case extends to judgments and appealable
orders.  See Tex. Code Crim. Proc. art.
44.02 (Vernon 2006) ([a] defendant in any criminal action has the right of
appeal under the rules hereinafter prescribed); Tex. R. App. P. 25.2(a)(2) (a defendant has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules which the trial court shall
certify each time it enters a judgment of guilt or other appealable order).  Otherwise, we lack appellate
jurisdiction.  In some circumstances, a
premature notice of appeal may be effective to invoke appellate
jurisdiction.  See Tex. R. App. P. 27.1(b). 
However, this is not such a case. 
According to the correspondence Tijerina
filed, the trial court has not yet ruled on matters he presented to that court
for determination. 

            Finding we lack jurisdiction
of this appeal, it is dismissed.

            It is so ordered.

 

                                                                                    Per
Curiam

 

Do not publish.