NO. 07-06-0257-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 4, 2007
_____

WILLIAM CASSIDY WEAVERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A3691-0203; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____MEMORANDUM OPINION

Appellant, William Cassidy Weavers appeals from a judgment revoking community supervision and imposing sentence pursuant to a conviction for driving while intoxicated. We affirm.

Appellant pled guilty to the offense of driving while intoxicated, a third degree felony, on March 27, 2002, and was sentenced to seven years confinement in the Institutional Division of the Texas Department of Criminal Justice; however, pursuant to a plea agreement, the trial court probated the sentence and placed appellant on community

supervision for seven years. On March 29, 2006, the State filed a motion to revoke appellant's community supervision alleging that appellant had committed three violations of his community supervision. After a hearing on June 12, 2006, the trial court found the allegations true, revoked appellant's community supervision, and ordered appellant to serve the seven year sentence in the Institutional Division of the Texas Department of Criminal Justice.

Appellant filed his notice of appeal contending that (1) the trial court abused its discretion in revoking appellant's community supervision because the evidence was insufficient to support the trial court's determination and, (2) that the revocation of his community supervision constituted a denial of appellant's right to due process under the United States and Texas Constitutions.

In the present case, the State alleged three violations of community supervision by appellant: (1) commission of a new offense against state law; (2) failure to perform community service hours as required by the order placing appellant on community supervision; and (3) operation of a motor vehicle without an ignition interlock device. At the revocation hearing, appellant pled true to each of the allegations.

A trial court's determinations during revocation hearings are reviewed for an abuse of discretion. See Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). An appellant's plea of true, standing alone, is sufficient to support the revocation of community supervision. See Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979). To meet the requirements of due process, the final revocation of community supervision must be

preceded by a hearing, where the defendant is entitled to written notice of the claimed violations of his community supervision, disclosure of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, a neutral hearing body, and a written statement by the fact finder as to the evidence relied on and the reasons for revoking community supervision. See Ex parte Carmona, 185 S.W.3d 492, 495 (Tex.Crim.App. 2006). A trial court denies appellant due process if it arbitrarily refuses to consider the entire range of punishment for an offense or if it refuses to consider the evidence and imposes a predetermined punishment. Jefferson v. State, 803 S.W.2d 470, 471 (Tex.App.–Dallas 1991, pet. ref'd).

Considering that appellant pled true to all three violations, where any one of the violations would be sufficient to revoke appellant's community supervision, we conclude that the trial court did not abuse its discretion in making affirmative findings that the evidence was sufficient to prove by a preponderance of the evidence that appellant had violated his community supervision. See Cole, 578 S.W.2d at 128. We overrule appellant's first issue.

Next, appellant contends that the trial court did not consider mitigating evidence and predetermined appellant's punishment. Appellant contends that the trial court's comments that "I thought . . . I had given you my best speech . . . about people on felony DWI probation. . . I have never seen anybody get as many breaks as you seem to have received" demonstrate that the trial court was biased and had predetermined to revoke appellant's community supervision and sentence him to the maximum sentence available. Appellant contends that he was denied due process because he was not afforded a neutral

3

hearing body.  See Ex parte Carmona, 185 S.W.3d at 495.  However, the trial court also stated, "based upon the evidence presented, and your plea as entered, . . . the probation previously granted to you is hereby revoked."  Further, the comments appellant complains of were made after appellant, his mother, step-grandmother, and friend testified on appellant's behalf.  Additionally, appellant has not shown, by record reference, that the trial court disregarded the witnesses' testimony.  Finally, the trial court's references to previous admonishments and warnings given to appellant, without further evidence of bias, do not demonstrate that the trial court predetermined appellant's sentence.  See  Brumit v. State, 206 S.W.3d 639, 645 (Tex.Crim.App. 2006) (warning alone insufficient to conclude trial court predetermined sentence); See also Prater v. State, No. 07-06-0373-CR, 2007 WL 911836, *1 (Tex.App.–Amarillo March 27, 2007, no pet. h.) (mem. op., not  designated for publication).  Absent a clear showing of bias, a trial court's actions will be presumed to have been correct.  Brumit, 206 S.W.3d at 645.  We conclude that the trial court did not deny appellant due process by revoking appellant's community supervision.  We overrule appellant's second issue.

## Conclusion

For the foregoing reasons, we affirm the trial court's revocation of appellant's community supervision.

Mackey K. Hancock
Justice

Do not publish.