

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00157-CR

**JULIO CESAR CRUZ MALDONADO,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F35985

## MEMORANDUM  OPINION

Appellant Julio Cesar Cruz Maldonado appeals the trial court's revocation of his community supervision and imposition of a ten-year prison sentence.  We will affirm.

On ten years' community supervision for two counts of assault on a public servant, Maldonado pled "true" to four allegations in the State's Motion to Revoke Community Supervision.  Maldonado admitted that he was convicted of theft, failed to pay his community supervision fee, failed to report to his supervision officer, and failed to complete his court appointed community service.  The trial court revoked his

community supervision and sentenced him to ten-years confinement subject to reinstatement of probation after successful completion of "shock probation." Maldonado successfully completed his "shock probation" and the court reinstated his community supervision. The following day, the State reported Maldonado to the Immigration and Customs Enforcement Agency and he was deported. Maldonado later returned to the U.S.

A second motion to revoke was filed after Maldonado's return, alleging that he failed to: pay his supervision and crime stoppers fees and complete his community service hours. The court held a second hearing in which Maldonado again pled "true" to the allegations against him. Following the hearing, the court sentenced Maldonado to his original ten-year sentence. Maldonado appeals, asserting that the trial court abused its discretion in revoking his probation and imposing the maximum period of confinement.

To overturn a revocation order, a defendant must successfully challenge each finding on which the revocation is based. *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. dism'd). However, a defendant cannot challenge a revocation finding on an allegation to which he pled "true." *Id.* (citing *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979)).

Maldonado's plea of "true" is sufficient to support the revocation of his community supervision. *Cole*, 578 S.W.2d at 128. Further, the punishment was within the range provided by statute. Accordingly, we overrule his sole issue and affirm the judgment of the trial court.

BILL VANCE
Justice


Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Affirmed
Opinion delivered and filed December 17, 2008
Do not publish
[CR25]