IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00157-CR

 

Julio Cesar Cruz Maldonado,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 18th District
Court

Johnson County, Texas

Trial Court No. F35985

 



MEMORANDUM  Opinion



 

Appellant Julio Cesar Cruz Maldonado
appeals the trial court’s revocation of his community supervision and
imposition of a ten-year prison sentence.  We will affirm.

On ten years’ community supervision for
two counts of assault on a public servant, Maldonado pled “true” to four allegations
in the State’s Motion to Revoke Community Supervision.  Maldonado admitted that
he was convicted of theft, failed to pay his community supervision fee, failed
to report to his supervision officer, and failed to complete his court
appointed community service.  The trial court revoked his community supervision
and sentenced him to ten-years confinement subject to reinstatement of
probation after successful completion of “shock probation.”  Maldonado
successfully completed his “shock probation” and the court reinstated his
community supervision.  The following day, the State reported Maldonado to the
Immigration and Customs Enforcement Agency and he was deported.  Maldonado
later returned to the U.S.

  A second motion to revoke was filed after
Maldonado’s return, alleging that he failed to: pay his supervision and crime stoppers
fees and complete his community service hours.  The court held a second hearing
in which Maldonado again pled “true” to the allegations against him.  Following
the hearing, the court sentenced Maldonado to his original ten-year sentence.  Maldonado
appeals, asserting that the trial court abused its discretion in revoking his
probation and imposing the maximum period of confinement.

To overturn a revocation order, a
defendant must successfully challenge each finding on which the revocation is
based.  Harris v. State, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet.
dism’d).  However, a defendant cannot challenge a revocation finding on an
allegation to which he pled “true.”  Id. (citing Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979)).

Maldonado’s plea of “true” is sufficient
to support the revocation of his community supervision.  Cole, 578
S.W.2d at 128.  Further, the punishment was within the range provided by
statute.  Accordingly, we overrule his sole issue and affirm the judgment of
the trial court.

 

BILL VANCE

Justice

 

 

Before Chief
Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed 

Opinion
delivered and filed December 17, 2008

Do not publish

[CR25]