IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00158-CV

 

Apparajan Ganesan,

                                                                                    Appellant

 v.

 

Becky Tibbs, Cody Ginsel, Cynthia 

Woods, Jason Manuel, Jose Garcia,

                                                                                    Appellees

 

 



From the 12th District Court

Walker County, Texas

Trial Court No. 23300

 



ORDER










 

            This order is in response to your
telephone calls and correspondence after your appeal was dismissed.  The letter
you have referenced in those calls and correspondence, dated October 15, 2008, was received by the Court on November 6, 2008.  The October letter does not have an effect on your dismissal.  Your appeal was dismissed because you
failed to comply with an order from the Court and from the Clerk.  Although the
Court does not normally provide this to a party, a history of your
non-compliance is detailed below.

            In a motion filed by you last year,
the Court learned that you were expected to be released from prison on November 12, 2008.  The Court decided to abate the appeal until 60 days after your release
date, that being, January 12, 2009, so that you had the chance to get organized
after your release before continuing with this appeal.  The Court told you that
unless we were informed of a different release date, we would automatically
reinstate the appeal on January 12, 2009.  The Court was not informed of a different release date, and the appeal was reinstated.

            Pursuant to the abatement order, you
were ordered to provide to this Court by February 2, 2009 and serve on all parties to this proceeding notice of your address for receiving notices and service of
documents related to this proceeding.  The letter dated October 15, 2008 was not considered by the Court as the notice required by the abatement order,
primarily because it was received by the Court prior to your release from
prison and because the Court was not informed that this address was the address
for receiving notice and service of documents related to your appeal.  You were
also ordered to inform the Court by February 2, 2009 what motions on file needed to be resolved and what other issues needed to be addressed prior to the
start of the briefing schedule.  You did not comply with the order.

            Instead of complying with the
abatement order, you filed a “Request to extend time limits.”  In the request,
you gave no reason why you could not provide an address for receiving notices
and service of documents.  An address was included in the signature block and
proof of service of the request, but you did not state that this was the
address for receiving notices and service of documents.  Further, you did not
reference the letter dated October 15, 2008 or state that the letter would serve as your notice in compliance with the abatement order.

            It also appeared from your motion that
you could not inform the Court what motions on file needed to be resolved and
what other issues needed to be addressed because you had no driver’s license
and could not go to the law library or meet with counsel.  In ruling on your
request, the Court noted that, according to the Court’s records, you were not
represented by counsel in this appeal.  Further, the Court found that your
other reasons for not complying with the Court’s order were unacceptable.  Your
request was denied.  

            In that denial, the Court ordered you
to do two things.  First, you were ordered to: 

[o]n or before April 21, 2009, … provide to this Court and serve on all parties to this proceeding notice of his address for
receiving notices and service of documents related to this proceeding.  If
appellant fails to provide the address as ordered herein, this proceeding may
be dismissed without further notice.  See Tex. R. App. P. 42.3(c). 

 

 Second, you were ordered to 

[o]n or before April 21, 2009, … inform the Court what motions on file need to be resolved and what other issues need to be
addressed prior to the start of the briefing schedule.  If appellant does not
inform the Court as to what motions or issues need to be resolved or addressed,
appellant’s brief will be due May 5, 2009.  

 

You did not fully comply with either of these
directives.

            Instead, you presented a Motion to
Correct the Court Records.  In the motion, you complained about missing
exhibits, a 2-3 hour break that was not recorded by the court reporter, and the
“completely random” manner in which the clerk’s record was assembled.  You
provided no notice of your address for receiving notices and service of
documents related to this proceeding.  Again, an address was included in the
signature block, but you did not state that this was the address for receiving
notices and service of documents.  Again, you did not reference the letter
dated October 15, 2008 or state that the letter would serve as your notice in
compliance with the abatement order.  Additionally, you did not inform the
Court what motions currently on file needed to be resolved.  

            You did not comply with the Court’s
and the Clerk’s orders.  Tex. R. App. P.
42.3(c).  For these reasons, your appeal was dismissed.  

            The Court extended to you more
opportunities to cure procedural irregularities than it does to most litigants.
Your numerous and frequent departures from the rules consumed an excessive
amount of the Court’s resources.  At some point, your failure to comply with
the rules and orders of the Court can be construed as a willful departure and
an indication that your claim lacks merit.  But the Court, nonetheless,
continued to try to work with you until you failed to respond as described
herein.  Your appeal has not been reinstated and the Court has found no reason
or basis to do so during its plenary power.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed May 27, 2009

 






n style='text-decoration:none'> 

            For the foregoing reasons, Appellant
respectfully prays that this Honorable Court REVERSE the Judgments and
Sentences of the Trial Court below; and, REMAND the Causes to the Trial Court
for a new hearing on the allegations set out in the State’s Motions to revoke
Appellant’s Community Supervision.

 

            There are many reasons why Lasher’s
issue is overruled.  First, no alleged error is preserved.  No objection was
made to the alleged incident by either party.  See Tex. R. App. P. 33.1.  Further, the
record does not show that the trial court missed any testimony at all.  It is
clear from the record that the witness had not begun her answer to the question
proposed.  And, after the court replied “what?,” Lasher’s counsel summarized
what he had asked the witness.  The witness then answered the question.  At
best, the record only shows a momentary lack in concentration by the court.

            Second, the issue is inadequately
briefed and presents nothing for review.  Tex.
R. App. P. 38.1(h); see Johnson v. State, 263 S.W.3d 405 (Tex. App.—Waco 2008, pet. ref’d).  Lasher cites to one case for the proposition that the
touchstone of due process is fundamental fairness.  He fails to explain how
this or any other case supports his argument that he was denied due process by
the trial court’s alleged action.  Even if this was a novel argument made by
Lasher for which there was no authority directly on point, Lasher must still
provide relevant authority suggesting how the court’s alleged action violated
Lasher’s due process rights.  See Tong v. State, 25 S.W.3d. 707,
710 (Tex. Crim. App. 2000).

            Third, even if the trial court’s
alleged action was error, a result we expressly do not hold, Lasher fails to
show that he was harmed.  See Tex.
R. App. P.  44.2.  In addition to pleading not true to some of the
State’s allegations, Lasher pled true to many of the State’s allegations of
violations of his community supervision alleged in both its motion to revoke
and its motion to adjudicate.  Because a plea of true, standing alone, is
sufficient to support the revocation of probation, Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. 1979), Lasher could not have been harmed by
the trial court’s alleged action.  

            Accordingly, Lasher’s sole issue is
overruled, and the trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed September 1, 2010

Do
not publish 

[CRPM]