IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00390-CR

No. 10-09-00391-CR

 

John Edison Lasher,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 278th District Court

Leon County, Texas

Trial Court Nos. CM-01-192 and
CM-01-193

 



MEMORANDUM  Opinion



 

            John Edison Lasher pled guilty to
aggravated sexual assault of a child and was placed on ten years deferred
adjudication community supervision (10-09-00390-CR).  Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2009).  At the
same time, Lasher pled guilty to the offense of indecency with a child and was
sentenced to ten years in prison (10-09-00391-CR).  Tex. Penal Code Ann. § 21.11 (Vernon Supp. 2009).  He was
later placed on community supervision for ten years for this offense.  In 2005,
after the trial court conducted a hearing on the State’s third amended motion
to adjudicate and its third amended motion to revoke Lasher’s community
supervision, Lasher was sentenced to life in prison for the aggravated sexual
assault offense and ten years in prison for the indecency with a child
offense.  He appeals both convictions.  We affirm.

            Lasher presents the same singular
issue for each appeal, that the trial court denied Lasher due process when the
trial court slept while testimony was being presented during the hearing to
revoke Lasher’s community supervision.  It is helpful to a determination of
this issue for us to set out Lasher’s brief below.  All emphasis and inserts
are as presented in the brief.

SUMMARY OF THE ARGUMENT

 

            The Trial Court DENIED Appellant due
process, when the Trial Court slept while testimony was being presented during
the hearing on the State’s Motions to revoke Appellant’s Community Supervision.

 

STATEMENT OF FACTS

 

            During the hearing on the State’s
Motions to revoke Appellant’s Community Supervision, the following colloquy
occurred between the Trial Court, Appellant’s Counsel MARK R. MALTZBERGER, and
witness SHELLY RENE MONEHAN.  (RPTR. REC. I – 45 – 46).

 

            MR. MALTZBERGER:        Let me ask you
this ma’am.  I would like you to address the Judge with this.  If [Appellant]
were released back on probation, how can you guarantee this Court that
[Appellant] would be more successful on probation when [Appellant] was released
now?

 

            MS. MONEHAN:     He - - like, what do
you mean?

 

            MR. MALTZBERGER:        Tell the Judge
how would that                              happen?

 

            MS. MONEHAN:     Is [the Judge] awake
over there?

 

            MR. MALTZBERGER:        Excuse me,
Your Honor.  Excuse                          me, Judge.

 

            THE COURT:            What?

 

ARGUMENT AND AUTHORITIES

 

            The Due Process Clause of the
Fourteenth Amendment provides that no State may “deprive any person of life,
liberty, or property, without due process of law.”  The touchstone of due
process is fundamental fairness.  Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973).  Here, Appellant was denied the opportunity to have the Trial Court
evaluate testimony when the Trial Court slept while testimony was being
presented during the hearing on the State’s Motions to revoke Appellant’s
Community Supervision.  Accordingly, this Court should sustain Appellant’s
ISSUE NUMBER ONE; reverse the Judgments and Sentences of the Trial Court below;
and remand the Causes to the Trial Court for a new hearing on the allegations
set out in the State’s Motions to revoke Appellant’s Community Supervision.

 

CONCLUSION AND PRAYER

 

            For the foregoing reasons, Appellant
respectfully prays that this Honorable Court REVERSE the Judgments and
Sentences of the Trial Court below; and, REMAND the Causes to the Trial Court
for a new hearing on the allegations set out in the State’s Motions to revoke
Appellant’s Community Supervision.

 

            There are many reasons why Lasher’s
issue is overruled.  First, no alleged error is preserved.  No objection was
made to the alleged incident by either party.  See Tex. R. App. P. 33.1.  Further, the
record does not show that the trial court missed any testimony at all.  It is
clear from the record that the witness had not begun her answer to the question
proposed.  And, after the court replied “what?,” Lasher’s counsel summarized
what he had asked the witness.  The witness then answered the question.  At
best, the record only shows a momentary lack in concentration by the court.

            Second, the issue is inadequately
briefed and presents nothing for review.  Tex.
R. App. P. 38.1(h); see Johnson v. State, 263 S.W.3d 405 (Tex. App.—Waco 2008, pet. ref’d).  Lasher cites to one case for the proposition that the
touchstone of due process is fundamental fairness.  He fails to explain how
this or any other case supports his argument that he was denied due process by
the trial court’s alleged action.  Even if this was a novel argument made by
Lasher for which there was no authority directly on point, Lasher must still
provide relevant authority suggesting how the court’s alleged action violated
Lasher’s due process rights.  See Tong v. State, 25 S.W.3d. 707,
710 (Tex. Crim. App. 2000).

            Third, even if the trial court’s
alleged action was error, a result we expressly do not hold, Lasher fails to
show that he was harmed.  See Tex.
R. App. P.  44.2.  In addition to pleading not true to some of the
State’s allegations, Lasher pled true to many of the State’s allegations of
violations of his community supervision alleged in both its motion to revoke
and its motion to adjudicate.  Because a plea of true, standing alone, is
sufficient to support the revocation of probation, Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. 1979), Lasher could not have been harmed by
the trial court’s alleged action.  

            Accordingly, Lasher’s sole issue is
overruled, and the trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed September 1, 2010

Do
not publish 

[CRPM]