

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00390-CR
### No. 10-09-00391-CR

**JOHN EDISON LASHER,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

### From the 278th District Court
### Leon County, Texas
### Trial Court Nos. CM-01-192 and CM-01-193

## MEMORANDUM  OPINION

John Edison Lasher pled guilty to aggravated sexual assault of a child and was placed on ten years deferred adjudication community supervision (10-09-00390-CR). TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2009).  At the same time, Lasher pled guilty to the offense of indecency with a child and was sentenced to ten years in prison (10-09-00391-CR).  TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 2009).  He was later placed on community supervision for ten years for this offense.  In 2005, after the trial court conducted a hearing on the State's third amended motion to adjudicate and its

third amended motion to revoke Lasher's community supervision, Lasher was sentenced to life in prison for the aggravated sexual assault offense and ten years in prison for the indecency with a child offense. He appeals both convictions. We affirm.

Lasher presents the same singular issue for each appeal, that the trial court denied Lasher due process when the trial court slept while testimony was being presented during the hearing to revoke Lasher's community supervision. It is helpful to a determination of this issue for us to set out Lasher's brief below. All emphasis and inserts are as presented in the brief.

## SUMMARY OF THE ARGUMENT

The Trial Court DENIED Appellant due process, when the Trial Court slept while testimony was being presented during the hearing on the State's Motions to revoke Appellant's Community Supervision.

## STATEMENT OF FACTS

During the hearing on the State's Motions to revoke Appellant's Community Supervision, the following colloquy occurred between the Trial Court, Appellant's Counsel MARK R. MALTZBERGER, and witness SHELLY RENE MONEHAN. (RPTR. REC. I – 45 – 46).

MR. MALTZBERGER: Let me ask you this ma'am. I would like you to address the Judge with this. If [Appellant] were released back on probation, how can you guarantee this Court that [Appellant] would be more successful on probation when [Appellant] was released now?

MS. MONEHAN: He - - like, what do you mean?

MR. MALTZBERGER: Tell the Judge how would that happen?

MS. MONEHAN: Is [the Judge] awake over there?

MR. MALTZBERGER: Excuse me, Your Honor. Excuse me, Judge.

THE COURT:        What?

## ARGUMENT AND AUTHORITIES

The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law." The touchstone of due process is fundamental fairness. <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 790 (1973). Here, Appellant was denied the opportunity to have the Trial Court evaluate testimony when the Trial Court slept while testimony was being presented during the hearing on the State's Motions to revoke Appellant's Community Supervision. Accordingly, this Court should sustain Appellant's ISSUE NUMBER ONE; reverse the Judgments and Sentences of the Trial Court below; and remand the Causes to the Trial Court for a new hearing on the allegations set out in the State's Motions to revoke Appellant's Community Supervision.

## CONCLUSION AND PRAYER

For the foregoing reasons, Appellant respectfully prays that this Honorable Court REVERSE the Judgments and Sentences of the Trial Court below; and, REMAND the Causes to the Trial Court for a new hearing on the allegations set out in the State's Motions to revoke Appellant's Community Supervision.

There are many reasons why Lasher's issue is overruled. First, no alleged error is preserved. No objection was made to the alleged incident by either party. *See* TEX. R. APP. P. 33.1. Further, the record does not show that the trial court missed any testimony at all. It is clear from the record that the witness had not begun her answer to the question proposed. And, after the court replied "what?," Lasher's counsel summarized what he had asked the witness. The witness then answered the question. At best, the record only shows a momentary lack in concentration by the court.

Second, the issue is inadequately briefed and presents nothing for review. TEX. R. APP. P. 38.1(h); *see Johnson v. State*, 263 S.W.3d 405 (Tex. App.—Waco 2008, pet. ref'd).

Lasher cites to one case for the proposition that the touchstone of due process is fundamental fairness. He fails to explain how this or any other case supports his argument that he was denied due process by the trial court's alleged action. Even if this was a novel argument made by Lasher for which there was no authority directly on point, Lasher must still provide relevant authority suggesting how the court's alleged action violated Lasher's due process rights. *See Tong v. State*, 25 S.W.3d. 707, 710 (Tex. Crim. App. 2000).

Third, even if the trial court's alleged action was error, a result we expressly do not hold, Lasher fails to show that he was harmed. *See* TEX. R. APP. P. 44.2. In addition to pleading not true to some of the State's allegations, Lasher pled true to many of the State's allegations of violations of his community supervision alleged in both its motion to revoke and its motion to adjudicate. Because a plea of true, standing alone, is sufficient to support the revocation of probation, *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979), Lasher could not have been harmed by the trial court's alleged action.

Accordingly, Lasher's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed September 1, 2010
Do not publish
[CRPM]