Opinion filed September 2,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-09-00312-CR &11-09-00313-CR 

                                                    __________

 

                              JEREMY
A. DIETDERICH, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                        Trial Court Cause
Nos. A-32,564 & A-32,565

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Based on Jeremy A. Dietderich’s pleas of true to the
allegations in the State’s motions to adjudicate, the trial court adjudicated
him guilty of the offenses of burglary of a habitation (Cause No.
11-09-00312-CR) and possession of methamphetamine (Cause No. 11-09-00313-CR). 
The trial court assessed punishment for the burglary conviction at confinement
for fifteen years plus a fine of $1,365 and restitution.  In the possession
case, the trial court assessed punishment at confinement for two years in a
state jail facility, but it suspended the imposition of this sentence and
placed appellant on community supervision for five years.  We affirm.  

            Appellant
presents one issue in each appeal:  ineffective assistance of counsel. 
Appellant argues that his trial counsel rendered ineffective assistance by
failing to object when the State cross-examined appellant about associating with
other people who had criminal records.  The prosecutor asked appellant if he
associated with Kevin Rickman, Trenton Newell Russell, and a few others that
may have had criminal records. Appellant acknowledged having some association
with these people and knowing that Rickman and Russell had criminal records.  The
prosecutor also insinuated that Rickman may have been a member of the Aryan
Circle.   Appellant asserts that, except for his association with Russell,
these acts were not alleged in the motions to adjudicate and that evidence of
these extraneous bad acts was not admissible.  

Under
Strickland v. Washington, 466 U.S. 668 (1984), an appellant contending
that his trial counsel was ineffective must show (1) that counsel’s
representation fell below an objective standard of reasonableness and (2) that
there is a reasonable probability that the result of the proceeding would have
been different but for counsel’s errors.  Strickland, 466 U.S. 668; Hernandez
v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999); Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  Although appellant asserts that the
State’s reference to his association with other criminals was “prejudicial and should
have been objected to,” appellant fails to explain how, but for trial counsel’s
alleged errors, the result of the proceedings would probably have been
different.  Appellant, therefore, has failed to comply with the second prong of
Strickland.  

Upon
reviewing the record, we cannot hold that the result of the proceedings – as to
either adjudication or punishment – would probably have been different but for
trial counsel’s alleged errors.  The alleged failures by trial counsel likely
had no effect on the trial court’s decision to adjudicate guilt.  Appellant’s
pleas of true, standing alone, support the adjudications of guilt.  Cole v.
State, 578 S.W.2d 127 (Tex. Crim. App. 1979).  As for the effect of the
alleged failures on appellant’s punishment, we note that appellant received a
fifteen-year sentence: a punishment in the lower range for his burglary
conviction.  The burglary that he was convicted of was a first degree felony
punishable by confinement for life or for a term of not less than five nor more
than ninety-nine years.  Tex. Penal Code
Ann. § 30.02(d) (Vernon 2003), § 12.32 (Vernon Supp. 2009).  We note also
that appellant pleaded true to the following allegations in the State’s motion
to adjudicate: failing to report to his community supervision officer; failing
to make payments as required by the terms of his community supervision; failing
to perform community service as required; failing to successfully complete the
outpatient drug treatment program; failing to abstain from the use of
methamphetamine; committing the offenses of stealing a check or receiving a
stolen check, possessing drug paraphernalia, and unlawfully carrying a weapon; and
associating with Trenton Newell Russell, a person with a criminal record.  We cannot
say that the result of the punishment proceeding would likely have been
different but for trial counsel’s failure to object to evidence regarding
appellant’s association with other criminals, even one who may have had some
tie to the Aryan Circle.  Because ineffective assistance of counsel has not
been shown, we overrule appellant’s issue.  

The
judgments of the trial court are affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

September 2,
2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.