**Opinion filed September 2, 2010**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-09-00312-CR &11-09-00313-CR

_____

## JEREMY A. DIETDERICH, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. A-32,564 & A-32,565**

## M E M O R A N D U M   O P I N I O N

Based on Jeremy A. Dietderich's pleas of true to the allegations in the State's motions to adjudicate, the trial court adjudicated him guilty of the offenses of burglary of a habitation (Cause No. 11-09-00312-CR) and possession of methamphetamine (Cause No. 11-09-00313-CR). The trial court assessed punishment for the burglary conviction at confinement for fifteen years plus a fine of $1,365 and restitution. In the possession case, the trial court assessed punishment at confinement for two years in a state jail facility, but it suspended the imposition of this sentence and placed appellant on community supervision for five years. We affirm.

Appellant presents one issue in each appeal: ineffective assistance of counsel. Appellant argues that his trial counsel rendered ineffective assistance by failing to object when the State cross-examined appellant about associating with other people who had criminal records. The prosecutor asked appellant if he associated with Kevin Rickman, Trenton Newell Russell, and a few others that may have had criminal records. Appellant acknowledged having some association with these people and knowing that Rickman and Russell had criminal records. The prosecutor also insinuated that Rickman may have been a member of the Aryan Circle. Appellant asserts that, except for his association with Russell, these acts were not alleged in the motions to adjudicate and that evidence of these extraneous bad acts was not admissible.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), an appellant contending that his trial counsel was ineffective must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that the result of the proceeding would have been different but for counsel's errors. *Strickland*, 466 U.S. 668; *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). Although appellant asserts that the State's reference to his association with other criminals was "prejudicial and should have been objected to," appellant fails to explain how, but for trial counsel's alleged errors, the result of the proceedings would probably have been different. Appellant, therefore, has failed to comply with the second prong of *Strickland*.

Upon reviewing the record, we cannot hold that the result of the proceedings – as to either adjudication or punishment – would probably have been different but for trial counsel's alleged errors. The alleged failures by trial counsel likely had no effect on the trial court's decision to adjudicate guilt. Appellant's pleas of true, standing alone, support the adjudications of guilt. *Cole v. State*, 578 S.W.2d 127 (Tex. Crim. App. 1979). As for the effect of the alleged failures on appellant's punishment, we note that appellant received a fifteen-year sentence: a punishment in the lower range for his burglary conviction. The burglary that he was convicted of was a first degree felony punishable by confinement for life or for a term of not less than five nor more than ninety-nine years. TEX. PENAL CODE ANN. § 30.02(d) (Vernon 2003), § 12.32 (Vernon Supp. 2009). We note also that appellant pleaded true to the following allegations in the State's motion to adjudicate: failing to report to his community supervision officer; failing to make payments as required by the terms of his community supervision; failing to perform

community service as required; failing to successfully complete the outpatient drug treatment program; failing to abstain from the use of methamphetamine; committing the offenses of stealing a check or receiving a stolen check, possessing drug paraphernalia, and unlawfully carrying a weapon; and associating with Trenton Newell Russell, a person with a criminal record. We cannot say that the result of the punishment proceeding would likely have been different but for trial counsel's failure to object to evidence regarding appellant's association with other criminals, even one who may have had some tie to the Aryan Circle. Because ineffective assistance of counsel has not been shown, we overrule appellant's issue.

The judgments of the trial court are affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


September 2, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.