

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00020-CR

_____

CLYDE PHILLIPS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-1027-09

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Clyde Phillips appeals[1] a trial court's judgment adjudicating his guilt for possession of a controlled substance and sentencing him to four years' incarceration.[2]   In a single point of error, Phillips complains that the trial court's judgment[3] "incorrectly reflect[s] that Mr. Phillips entered a plea of 'true' to the entirety of the Motion to Adjudicate."   Phillips argues that although he pled true to several allegations of community supervision violations, he pled "not true" as to one allegation.   He urges this Court to reform the portion of the judgment stating "Plea to Motion to Adjudicate:   True."   The State has agreed that "the Court has the authority to correct this mistake in the judgment."   We modify the judgment accordingly.

The Texas Rules of Appellate Procedure give this Court authority to reform judgments to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).   The record reflects that Phillips pled true to the following allegations in the State's motion to adjudicate:   commission of

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.   *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).   We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.   *See* TEX. R. APP. P. 41.3.

[2]Phillips presents a single brief addressing this case and the trial court's adjudication of guilt for a separate offense of possession of marihuana. The issues and arguments are the same for both convictions, and we reach the same conclusion in both cases.   Please see our opinion of instant date, *Phillips v. State*, cause number 06–11–00021–CR.

[3]Phillips does not challenge the sufficiency of the evidence supporting revocation.   A plea of "true" to even one allegation is sufficient to support a judgment revoking community supervision.   *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

the new offense of fleeing from a police officer, change of address without permission, failure to pay court-appointed counsel fees, failure to pay for urinalysis fees, failure to pay monthly supervision fees, failure to pay restitution, failure to pay substance abuse questionnaire fee, and failure to pay Crimestoppers fee.[4]   However, with respect to the allegation that Phillips attempted to alter or falsify drug test results by "flushing with water," a plea of not true was entered.

We hereby modify the trial court's judgment to reflect Phillips' plea of "true" to the allegations contained within paragraphs II, III, VII, VIII, IX, X, XI, and XII of the State's motion to adjudicate and his plea of "not true" to the allegation contained within paragraph VI.

As modified, we affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:      June 15, 2011
Date Decided:        June 16, 2011

Do Not Publish

---

[4]The allegations to which Phillips pled true were contained within paragraphs II, III, VII, VIII, IX, X, XI, and XII in the State's motion to adjudicate guilt.  The State abandoned allegations contained in paragraphs IV and V.  Phillips pled "not true" to Paragraph VI.

3