**AFFIRM; and Opinion Filed June 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01475-CR
No. 05-13-01476-CR

**GARY WAYNE SLUUS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-58153-W, F12-14466-W**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice O'Neill

Gary Wayne Sluus appeals the revocation of his community supervision in these cases. In a single issue, appellant contends the trial court abused its discretion when it revoked his community supervision. We affirm the trial court's judgments.

Appellant waived a jury and pleaded guilty to possession of methamphetamine in an amount less than one gram and felony DWI. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (West 2010); TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2013). Pursuant to plea agreements, the trial court assessed punishment at ten years'

imprisonment, probated for five years, and a $2,000 fine. The State later moved to revoke community supervision, alleging appellant violated three terms of his community supervision, including that appellant failed to submit a non-dilute random urine sample , failed to report for his Eye Scan, and operated a motor vehicle that was not equipped with a Deep Lung Breath Analysis Mechanism. Appellant pleaded true to all of the allegations in a hearing on the motions. Appellant's signed pleas of true and stipulations of evidence were admitted into evidence without objection. The trial court found the allegations true, revoked appellant's community supervision, and assessed punishment at ten years' imprisonment in each case.

In his sole issue on appeal, appellant contends he provided reasonable explanations for the violations, and because he demonstrated his efforts to comply with the terms alleged as violations, the trial court should have modified or continued his community supervision. The State responds the trial court did not abuse its discretion by revoking appellant's community supervision.

Appellant pleaded true to the allegations contained in the motions to revoke community supervision, and offered explanations why he failed to comply with the terms of his community supervision. A plea of true, standing alone, is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

We conclude the trial court did not abuse its discretion in revoking appellant's community supervision. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131475F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARY WAYNE SLUUS, Appellant

No. 05-13-01475-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F09-58153-W).
Opinion delivered by Justice O'Neill,
Justices Moseley and FitzGerald
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered June 17, 2014.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARY WAYNE SLUUS, Appellant

No. 05-13-01476-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-14466-W).
Opinion delivered by Justice O'Neill, Justices Moseley and FitzGerald participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered June 17, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE