

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00433-CR

DANIEL LEDESMA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1273111D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Daniel Ledesma pleaded guilty to aggravated assault with a deadly weapon in exchange for eight years of deferred adjudication community supervision. A month later, the State filed a petition to proceed to adjudication on three grounds. Ledesma pleaded true to the second and third grounds, and the

---

[1]*See* Tex. R. App. P. 47.4.

trial court found all three true, adjudicated Ledesma guilty, and assessed his punishment at thirty years' confinement.

In his sole point, Ledesma now argues that the evidence is insufficient to support the State's first ground. However, to overturn a revocation order, a defendant must successfully challenge each finding on which the revocation is based, and he cannot challenge a revocation finding on an allegation to which he pleaded "true." *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. stricken); *see also Smith v. State*, 286 S.W.3d 333, 342 & n.36 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision."); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) ("This Court had previously held that the sufficiency of the evidence could not be challenged in the face of a plea of true."); *Spencer v. State*, No. 02-13-00211-CR, 2014 WL 491775, at *1 (Tex. App.—Fort Worth Feb. 6, 2014, no pet.) (mem. op., not designated for publication) (stating that Spencer's pleas of true, standing alone, were sufficient to support revocation). Ledesma concedes in his brief that he pleaded true to the other two grounds and that this is sufficient to support his adjudication. Therefore, we overrule Ledesma's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 3, 2014