**AFFIRM; and Opinion Filed January 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01567-CR

### No. 05-13-01568-CR

### CHARLES EUGENE PATTERSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-31643-R and F10-62247-R**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill[1]
Opinion by Justice Brown

Charles Eugene Patterson appeals two judgments revoking his community supervision. In seven points of error, appellant contends the trial court abused its discretion in revoking his community supervision. We affirm the trial court's judgments.

Appellant was indicted for two offenses of failure to register as a sex offender. In October 2012, appellant pleaded guilty to both offenses pursuant to plea bargain agreements. The trial court found appellant guilty in each case and placed him on community supervision for four years in accordance with the plea agreements.

---

[1] The Honorable Kerry FitzGerald, Retired Justice, was a member of the panel at the time this case was submitted. Due to his retirement from the Court on December 31, 2014, he did not participate in deciding this case. He was replaced on the panel by Justice Bill Whitehill. *See* TEX. R. APP. P. 41.1(a).

In October 2013, the State moved to revoke appellant's community supervision in each case. In cause number F10-31643-R, the motion alleged that appellant violated conditions o and q by failing to: complete community service hours as directed (condition o); participate in counseling through an approved sex offender treatment provider within 45 days of referral (condition q); and make an observable, deliberate, and diligent effort to comply with the directions and instructions of the sex offender treatment provider during July 2013 through September 20, 2013, resulting in unsuccessful discharge from treatment (also condition q). The motion in cause number F10-62247-R alleged these same three violations and also alleged appellant violated condition j by failing to pay community supervision fees.

At a hearing on the motions to revoke, appellant pleaded true to the State's allegations that he violated conditions j and o. Appellant pleaded not true to violating condition q. Appellant's signed written plea of true and stipulation of evidence was admitted into evidence. Appellant's probation officer and his sex offender treatment provider testified about the difficulties they had working with appellant. Appellant's wife testified on his behalf. The trial court accepted appellant's plea of true and found it was freely and voluntarily made. The court found appellant violated the conditions set out in the State's motions, granted the motions to revoke, and assessed punishment at three years' confinement in each case.

In seven points of error, appellant contends the trial court abused its discretion in revoking his community supervision based on the three violations alleged in cause number F10-31643-R and based on the four violations alleged in cause number F10-62247-R. He contends his unsuccessful discharge from treatment and his failure to pay community supervision fees were due to his inability to pay. Citing *Bearden v. Georgia*, 461 U.S. 660 (1983), appellant maintains that, even when a defendant pleads true, only a willful failure to pay fees supports revocation. He also contends his 45-day deadline for participating in counseling had been

extended and that he had begun community service hours and was not required to complete the hours until the term of supervision ended.

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A plea of true, standing alone, is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Further, proof of any one violation is sufficient to support revocation of community supervision. *Lee v. State*, 952 S.W.2d 894, 900 (Tex. App.—Dallas 1997, no pet.).

We need not reach appellant's argument about his inability to pay the costs of sex offender treatment or his community supervision fees. Appellant pleaded true to violating condition o, which the State alleged he violated in both cases. That condition, regarding community service hours, had nothing to do with appellant's ability to pay. Appellant's plea of true to this violation, standing alone, is sufficient to support revocation. We therefore conclude the trial court did not abuse its discretion in revoking appellant's community supervision. We overrule appellant's points of error.

We affirm the trial court's judgments.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.

131567F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES EUGENE PATTERSON,
Appellant

No. 05-13-01567-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-31643-R.
Opinion delivered by Justice Brown. Justices
Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of January, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHARLES EUGENE PATTERSON,
Appellant

No. 05-13-01568-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-62247-R.
Opinion delivered by Justice Brown. Justices
Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of January, 2015.