

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-14-00218-CR

RICHARD HARRISON LEGER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 3715, Honorable Stuart Messer, Presiding

April 7, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Richard Harrison Leger pled guilty in 2011 to felony driving while intoxicated (DWI) and was sentenced to ten years confinement probated for three years. The State moved to revoke his probation on April 9, 2014. After a hearing, the trial court found that appellant violated the terms of his community supervision and sentenced him to prison for ten years. Appellant challenges that judgment by contending the trial court erred in 1) concluding he failed to complete his community service obligation despite

evidence that he had made payment in lieu of the same, 2) finding that he committed a new DWI offense, and 3) imposing the maximum sentence. We affirm the judgment.

In reviewing the trial court's decision, we apply several rules. First, the pertinent standard of review is abused discretion. *Leonard v.* State, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). Second, discretion is abused when the decision falls outside the zone of reasonable disagreement. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). Third, the State need only prove the violation of one condition of probation by a preponderance of the evidence to justify revocation. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). Fourth, the trial court is the sole judge of the credibility of the witnesses. *Leonard v. State*, 385 S.W.3d at 585.

With the foregoing rules in mind, we turn to the case before us and immediately note that appellant pled true to the allegation that he drove a motor vehicle without a license. Furthermore, the trial court found the allegation to be true, and, most importantly, appellant did not attack the finding on appeal. Appellant's plea of true to that averment alone was and is sufficient to support the trial court's decision to revoke. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). To that, we add the trial court's finding that appellant also failed to notify his community supervision officer within forty eight hours of his arrest of the fact of his arrest. Appellant failed to attack that finding as well, and it too prevents us from concluding that the decision to revoke constitutes an instance of abused discretion. Again, proof of any one violation suffices to support revocation.

As for the allegation that the trial court abused its discretion by sentencing appellant to ten years in prison and levying a $ 3000 fine, we note that appellant was

sentenced for committing a felony of the third degree. Furthermore, the range of punishment for such a felony is two to ten years plus a fine not exceeding $10,000. Tex. Penal Code Ann. §12.34(a) & (b) (West 2011). Generally, punishment assessed within the statutory range, like that here, will not be reversed. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Additionally, the original judgment of the trial court probating appellant's sentence illustrates that this conviction, at the very least, was his third for driving while intoxicated. The trial court could have concluded that appellant did not appreciate the gravity of his offense and needed to be incarcerated for the maximum term to protect the public.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.