**Opinion filed December 2, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00092-CR

_____

### JAMES THOMAS JAMESON, Appellant
### V.
### STATE OF TEXAS, Appellee

**On Appeal from the 355th District Court**

**Hood County, Texas**

**Trial Court Cause No. 9742**

## M E M O R A N D U M   O P I N I O N

The trial court revoked James Thomas Jameson's community supervision for violating the conditions of his court-ordered supervision, adjudicated his guilt, and sentenced him to twenty-five years confinement. We affirm.

### I. *Background Facts*

On July 29, 2005, Jameson pleaded guilty to the first degree felony offense of aggravated robbery with a deadly weapon. The trial court placed Jameson on deferred adjudication community supervision for eight years. On January 23, 2007, the State filed a motion to proceed with an adjudication of guilt, alleging that Jameson had violated a number of conditions of his community supervision, including failing to pay fines, fees, and court costs; failing to pay supervision fees; and failing to complete the required hours of community service restitution. Jameson pleaded true to all of the State's allegations. The trial court continued Jameson's

community supervision and additionally ordered him to serve an alternate community service sentence at the Northeast Texas Restitution Center for a period of up to twenty-four months.

On December 11, 2008, the State filed another motion to proceed with an adjudication of guilt. The State alleged that Jameson had violated the conditions of his community supervision by assaulting his wife, Misty Michelle Jameson; by failing to abstain from the use of alcohol; by failing to pay fines, fees, and court costs; by failing to pay supervision fees; and by failing to complete the required hours of community service restitution. Jameson pleaded true to all but the assault allegation. The trial court found the State's allegations against Jameson to be true, adjudicated his guilt, and sentenced him to twenty-five years confinement.

## II. *Issues*

Jameson raises two issues on appeal. First, he argues that the trial court abused its discretion by failing to grant his motion for continuance based upon the unavailability of a material witness, Misty Jameson. Second, he contends that the trial court abused its discretion by finding that Jameson violated a condition of his community supervision.

## III. *Did the Trial Court Err by Denying the Motion for Continuance?*

Jameson argues that the trial court abused its discretion by denying his motion for continuance to procure Misty Jameson's presence. Jameson's counsel orally requested the continuance at the beginning of the revocation hearing, stating that he had subpoenaed Misty Jameson as a witness and that her testimony would help provide his client with a defense.

A sworn, written motion is required to preserve appellate review from a trial court's denial of a motion for continuance. *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009); *see also* TEX. CODE CRIM. PROC. ANN. arts. 29.03, .08 (Vernon 2006). Jameson admits that counsel only orally requested a continuance. Because it was not a sworn, written motion, its denial has not been preserved for review. Jameson's first issue is overruled.

## IV. *Did the Trial Court Err by Finding that Jameson Violated a Condition of his Community Supervision?*

Jameson next argues that the trial court abused its discretion by finding that he had violated a condition of his community supervision. He maintains that double jeopardy barred the allegations that he had failed to pay fines, fees, and court costs; that he had failed to pay supervision fees; and that he had failed to complete the required hours of community service

restitution. In addition, he contends that there was insufficient evidence to support a finding that he assaulted Misty Jameson.

Orders revoking community supervision are reviewed for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision. *Cobb v. State*, 851 S.W.2d 871 (Tex. Crim. App. 1993). A plea of true, standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). A trial court's order revoking community supervision will be affirmed if an appellant does not challenge all of the grounds upon which the court revoked community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Jameson pleaded true to the allegation that he violated a condition of his community supervision by failing to abstain from the use of alcohol, and the trial court found all of the allegations to be true. Jameson does not challenge the finding that he failed to abstain from the use of alcohol. His plea of true to this allegation was sufficient to support the revocation of his community supervision. *Moore*, 605 S.W.2d at 926; *Cole*, 578 S.W.2d at 128. Therefore, the trial court did not abuse its discretion by finding that Jameson had violated a condition of his community supervision. Jameson's second issue is overruled.

## V. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


December 2, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.