In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00020-CR

                                                ______________________________

 

 

                                         CLYDE
PHILLIPS, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-1027-09

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Clyde
Phillips appeals[1] a trial
court’s judgment adjudicating his guilt for possession of a controlled
substance and sentencing him to four years’ incarceration.[2]  In a single point of error, Phillips
complains that the trial court’s judgment[3]
“incorrectly reflect[s] that Mr. Phillips entered a plea of ‘true’ to the
entirety of the Motion to Adjudicate.” 
Phillips argues that although he pled true to several allegations of
community supervision violations, he pled “not true” as to one allegation.  He urges this Court to reform the portion of
the judgment stating “Plea to Motion to Adjudicate:  True.” 
The State has agreed that “the Court has the authority to correct this
mistake in the judgment.”  We modify the
judgment accordingly. 

            The Texas
Rules of Appellate Procedure give this Court authority to reform judgments to
make the record speak the truth when the matter has been called to our
attention by any source.  Tex. R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten v. State, 299 S.W.3d 349, 356
(Tex. App.—Texarkana 2009, no pet.).  The
record reflects that Phillips pled true to the following allegations in the
State’s motion to adjudicate:  commission
of the new offense of fleeing from a police officer, change of address without
permission, failure to pay court-appointed counsel fees, failure to pay for
urinalysis fees, failure to pay monthly supervision fees, failure to pay
restitution, failure to pay substance abuse questionnaire fee, and failure to
pay Crimestoppers fee.[4]  However, with respect to the allegation that
Phillips attempted to alter or falsify drug test results by “flushing with
water,” a plea of not true was entered.  

            We hereby
modify the trial court's judgment to reflect Phillips’ plea of “true” to the
allegations contained within paragraphs II, III, VII, VIII, IX, X, XI, and XII of
the State’s motion to adjudicate and his plea of “not true” to the allegation
contained within paragraph VI.  

            As
modified, we affirm the trial court’s judgment. 

 

 

 

 

                                                                                    Bailey
C. Moseley

                                                                                    Justice

 

Date Submitted:          June
15, 2011  

Date Decided:             June
16, 2011

 

Do Not Publish           

 

 

 

 

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]Phillips
presents a single brief
addressing this case and the trial court’s adjudication of guilt for a separate
offense of possession of marihuana. The issues and arguments are the same for
both convictions, and we reach the same conclusion in both cases.  Please see our opinion of instant date, Phillips
v. State, cause number
06–11–00021–CR.

 





[3]Phillips
does not challenge the sufficiency of the evidence supporting revocation.  A plea of “true” to even one allegation is
sufficient to support a judgment revoking community supervision.  Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).   





[4]The
allegations to which Phillips pled true were contained within paragraphs II,
III, VII, VIII, IX, X, XI, and XII in the State’s motion to adjudicate
guilt.  The State abandoned allegations
contained in paragraphs IV and V. 
Phillips pled “not true” to Paragraph VI. 








ght="14" border="0">

 The exclusion of this testimony was therefore
a procedural bar, not ineffective assistance of counsel.
                      4) Testimony of Recer and Loyd

          Fox contends his trial counsel failed to call Recer, who would have testified he saw
L.C.'s brother put mud on the side of the mobile home, under the window of L.C.'s
bedroom, at the direction of L.C.'s mother. Fox further contends Loyd would have testified
L.C.'s mother told him Fox had not assaulted her daughter. However, trial counsel was
never questioned regarding this evidence at the hearing on the motion for new trial. 
Without an explanation from trial counsel, nothing is presented for review. Goodspeed,
2005 Tex. Crim. App. LEXIS 520; Garcia, 57 S.W.3d at 440. Further, we cannot say
counsel's conduct in this regard was "so outrageous that no competent attorney would
have engaged in it." Goodspeed, 2005 Tex. Crim. App. LEXIS 520, at *5.           
          d. Failure To Hire a Defense Expert
          Fox contends it was ineffective assistance of trial counsel not to hire an expert to
counter the State's expert. At the hearing on the motion for new trial, trial counsel was
asked:
          [Defense]:     Okay. Did it -- did you consider or think about the need
for, potentially, at least, having another expert, counter expert, at least look
at it [the video] to see if there could be any help to offset the anticipated
State's testimony?
 
          [Counsel]:     No.
 
No other explanation was sought or provided as to why trial counsel chose not to hire a
counter expert. Without an explanation from the attorney, nothing is presented for review. 
Goodspeed, 2005 Tex. Crim. App. LEXIS 520; Garcia, 57 S.W.3d at 440. Further, there
is no showing there is a reasonable probability that, but for counsel's failure to hire an
expert, the result of the trial would have been different. Tong, 25 S.W.3d at 712. Finally,
we cannot say, under these facts, counsel's conduct was "so outrageous that no
competent attorney would have engaged in it." Goodspeed, 2005 Tex. Crim. App. LEXIS
520, at *5.
          e. Eliciting Unfavorable Hearsay
          Fox alleges it was ineffective assistance of trial counsel to ask Tammy Morrison,
"[d]idn't she [Gaudreau] tell you that [Fox] was with her that night?" which resulted in the
following response: "She told me that -- I asked her if he was there, she said they were
drinking, she can't promise that he was there, she could not say yes or no." Trial counsel
was not questioned at the hearing on the motion for new trial regarding this issue. Without
an explanation from the attorney, nothing is presented for review. Goodspeed, 2005 Tex.
Crim. App. LEXIS 520; Garcia, 57 S.W.3d at 440. Further, we cannot say counsel's
conduct in this regard was "so outrageous that no competent attorney would have engaged
in it." Goodspeed, 2005 Tex. Crim. App. LEXIS 520, at *5.    
          f. Inability to Present Opinion Testimony 
          Fox contends his trial counsel was ineffective because counsel did not know how
to elicit opinion testimony concerning L.C.'s truthfulness. The record shows that trial
counsel could not qualify Erica Kitchens to testify as to L.C.'s bad reputation for
truthfulness; he therefore withdrew her as a witness. Trial counsel could have qualified
Kitchens as an opinion witness on this subject, but did not do so because he thought the
predicate for qualifying a reputation witness and an opinion witness is the same. Fox,
however, fails to state how this inability was prejudicial to him. Even though this may
constitute deficient performance, Fox fails to show how it prejudiced him.
          g. Failure To Present Evidence of L.C.'s Psychiatric History

          Fox contends his trial counsel was ineffective for failing to further develop testimony
regarding L.C.'s mental and emotional problems. Trial counsel stated numerous times at
the hearing on the motion for new trial that, in hindsight, 
I should have flushed that [L.C.'s mental/emotional problems] out better . . . . 
[I]t didn't impress me perhaps as much as it should have. . . . [Y]es, I wished
I had developed it more during guilt-innocence, and it's regrettable that I
didn't, because I think it is extremely relevant to her ability to accurately recall
what happened to her. 
 
In spite of counsel's regrets, considerable testimony was presented at trial on this subject. 
Further, even if this constitutes deficient performance, Fox has not shown how it prejudiced
him. 
          h. Failure To Move for a Mistrial During State's Closing Argument 
          During the State's closing argument, the following occurred: 
          [State]:          . . . . If you listen to the defense counsel, we let
everybody go free. There [are] 150,000 in Texas prisons, all of them there
is a what if. This is a case of good versus evil. Evil always does try to tempt
you with what if. Look at this.
 
          [Defense]:     Your Honor, I object to referring to the defense as evil.
 
          THE COURT:          All right. Sustained.
 
          [Defense]:     Ask the jury be instructed to disregard the comment.
 
          THE COURT:          Please disregard evil. 
 
          Fox alleges the failure of trial counsel to move for a mistrial deprived Fox of the
effective assistance of counsel. At the hearing on the motion for new trial, trial counsel
testified as follows: 
I didn't ask for a mistrial. I didn't think this Judge was going to grant it, and
in my opinion, if you ask for a mistrial and you don't get it, the jury takes that
as an indication that the Judge -- some indication of the Judge's impression
of the case.
 
          . . . .
 
That was a tactical decision I made. I consciously made that tactical
decision.
 
          Trial counsel made a legitimate strategic decision based on his knowledge and
experience. We cannot say he rendered ineffective assistance in doing so. 
          i. Failure To Object to the State's Injection of Harmful Facts 
           In his brief before this Court, Fox contends that:
During final arguments and wholly outside the record, the State
argued that the defense had failed to show as promised that the case was
about money and then the prosecutor injected wholly new facts: "Hadn't
been a lawsuit filed in over three years."

          Fox argues that, because there was no testimony a lawsuit had or had not been
filed, his trial counsel was ineffective for not objecting to these "new facts." Trial counsel
was not questioned, however, regarding this issue at the hearing on the motion for new
trial. Without an explanation from the attorney, nothing is presented for review. 
Goodspeed, 2005 Tex. Crim. App. LEXIS 520; Garcia, 57 S.W.3d at 440. Further, we
cannot say counsel's conduct in this regard was "so outrageous that no competent attorney
would have engaged in it." Goodspeed, 2005 Tex. Crim. App. LEXIS 520, at *5. Even if
this did constitute deficient performance, Fox fails to show how it prejudiced him.
          j . Failure To Object to Expert's Testimony L.C. Had Been Sexually Abused 

          Fox alleges his trial counsel was ineffective in failing to object to Andrews' testimony
that L.C. had been sexually abused. At the hearing on the motion for new trial, trial
counsel testified he could not recall Andrews' testimony and, without reviewing the
transcript of that testimony, he could not comment on why he did not object. No further
questions were asked on this subject, and counsel was not provided with the transcript of
Andrews' testimony to facilitate counsel's answer. Without an explanation from the
attorney, nothing is presented for review. Goodspeed, 2005 Tex. Crim. App. LEXIS 520;
Garcia, 57 S.W.3d at 440. Further, we cannot say counsel's conduct in this regard was "so
outrageous that no competent attorney would have engaged in it." Goodspeed, 2005 Tex.
Crim. App. LEXIS 520, at *5.
          Fox's contentions of ineffective assistance of counsel are overruled.
BRADY VIOLATION
          Fox contends the State committed a Brady


 violation by suppressing exculpatory
evidence. He identifies L.C.'s psychiatric history and the Child Protective Services (CPS)
report dated May 22, 2001, as the exculpatory evidence. The State responds that the
evidence was not suppressed and, citing Taylor v. State, 93 S.W.3d 487, 502 (Tex.
App.—Texarkana 2002, pet. ref'd), that Fox had full access to this information.
          The Due Process Clause of the Fourteenth Amendment to the United States
Constitution is violated when a prosecutor fails to disclose evidence favorable to the
accused that creates a probability sufficient to undermine confidence in the outcome of the
proceeding. Thomas v. State, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992). In order to
establish a due process violation under Brady, a defendant must show: 1) evidence was
suppressed; 2) the suppressed evidence was favorable to the defense; and 3) the
suppressed evidence was material to either guilt or punishment. Id.; Taylor, 93 S.W.3d at
498–99. 
          The first element of Brady is present if the prosecution actively suppresses evidence
or negligently fails to disclose it. Taylor, 93 S.W.3d at 499. However, the state is not
required to facilitate the compilation of exculpatory material that could have been compiled
by the defense. Id. Thus, without suppression, there is no Brady violation. Id. There is
no Brady violation if it is not shown that the defendant was denied access to the allegedly
favorable material. Id. If the defense has the opportunity to cross-examine concerning the
allegedly exculpatory material and there is no showing the defense would have pursued
a different trial strategy if he or she had known this information sooner, no Brady violation
is shown. Id. 
          The record in the instant case shows that Fox was aware of L.C.'s psychiatric
history. In fact, Fox elicited testimony during the guilt/innocence phase from L.C.'s brother,
Ethan Cassidy, concerning L.C.'s mental history:
          [Defense]:     [L.C.]'s got some pretty severe emotional problems,
correct?
 
          [Ethan]:         Yes, sir.
 
          [Defense]:     All right. She tried to commit suicide?
 
          [Ethan]:         Yes. Yes, sir, she has.
 
          [Defense]:     How many times?
 
          [Ethan]:         I would say about three times.
 
Further, L.C.'s therapist, Andrews, testified on direct examination and was cross-examined
by Fox concerning L.C.'s post-traumatic stress disorder, her suicide attempts, and a
medication she was taking. Fox was aware of L.C.'s medical history, and the record does
not show Fox was restricted from accessing the CPS report. Fox could have independently
compiled the psychiatric history, including the CPS report. Hence, there is no Brady
violation. See id. (prosecutor not required to furnish defendant with exculpatory and
mitigating evidence which is equally and fully accessible to defense). 
          Moreover, Fox, in his opening statement, articulated that his defense would be that
the claim of sexual assault by L.C. was motivated by money, not due to her mental
problems. On appeal, Fox has not shown that his trial counsel would have pursued a
different trial strategy if he had known about the CPS report or L.C.'s psychiatric history. 
Again, there is no Brady violation.
CONCLUSION 
          In summary, the trial court did not abuse its discretion by failing to sua sponte
conduct a hearing to determine L.C.'s mental competency or in overruling Fox's motion for
a mistrial. Fox's own question to the State's expert of whether L.C.'s story appeared to be
realistic induced the response that, in the witness' opinion, L.C. was telling the truth. Fox's
complaint about being limited in his cross-examination of Andrews failed to be specific
enough to put the trial court on notice Fox was making a Confrontation Clause argument. 
The trial court did not abuse its discretion in denying Fox's motion for new trial because the
alleged "new evidence" developed at the hearing on that motion was known by Fox's trial
counsel. Fox did not receive ineffective assistance of counsel. The State did not suppress
evidence, and Fox had full access to the information he contends was suppressed.
          We affirm the judgment.

                                                                Donald R. Ross
                                                                Justice 

Date Submitted:      July 13, 2005
Date Decided:         August 30, 2005

Publish