

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00500-CR

ALISHA DAVONA ALEXANDER                                   APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Alisha Davona Alexander pled guilty to felony forgery, and the trial court placed her on deferred adjudication community supervision for four years and ordered that she pay a fine of $300; the fine was not suspended. Almost three and a half years later, the State filed its second motion to proceed to adjudication, alleging that she violated the terms and conditions of her deferred adjudication community supervision. After a

---

[1]*See* Tex. R. App. P. 47.4.

hearing, the trial court granted the State's motion, revoked Appellant's deferred adjudication community supervision, adjudicated Appellant's guilt, and sentenced her to fifteen months' confinement.  In two issues, Appellant contends that the trial court abused its discretion by finding the State's allegations true and by sentencing her to fifteen months' confinement.  Because we hold that the trial court did not abuse its discretion, we affirm the trial court's judgment.

Appellant pled true to the following allegations in the State's second motion to adjudicate:

1.  **INTENSIVE DAY TREATMENT AFTERCARE**:  The Defendant was ordered to attend and successfully complete the Intensive Day Treatment program and Aftercare.

    a)  In violation of this condition, the Defendant failed to attend Intensive Day Treatment Aftercare, on or about the following dates:

    July 21, 2010
    August 4, 2010
    August 11, 2010
    August 18, 2010

    b)  In violation of this condition, the Defendant was unsuccessfully discharged from the Intensive Day Treatment Aftercare, on or about August 18, 2010.

2.  **FAILURE TO REPORT**:  The Defendant was ordered to report to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately after being placed on probation and no less than monthly thereafter, or as scheduled by the Court or Supervision Officer, and obey all rules and regulations of the Department.  In violation of this condition, the Defendant failed to report as scheduled by [the] Defendant's Supervision Officer during the following periods:

    . . . August of 2010[.]

After a "true but" hearing, the trial court found the specified allegations true, convicted Appellant, and sentenced her.

In her first issue, Appellant contends that the trial court abused its discretion by finding true the allegations to which she pled true. She argues that her noncompliance was not her fault. We review an order revoking community supervision under an abuse of discretion standard.[2] In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.[3] The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling.[4] If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision.[5] But a plea of true, standing alone, is sufficient to support the revocation of community supervision.[6] Because Appellant pled true to at least one allegation, we hold that the trial court did not abuse its discretion by revoking her community supervision and adjudicating her guilt. We overrule Appellant's first issue.

---

[2]*Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

[3]*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

[4]*Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

[5]*Cardona*, 665 S.W.2d at 493–94.

[6]*Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

In her second issue, Appellant contends that the trial court abused its discretion by sentencing her to fifteen months' confinement. She essentially claims that the sentence is unfair because the State sought less time in its plea bargain offers regarding adjudication, offers that she rejected, and because her violations were not her fault. The sentence falls well within the range of punishment for the offense.[7] Appellant does not argue that the sentence is cruel, excessive, or disproportionate, nor did she present evidence supporting such claims at trial. Given all the evidence, we cannot conclude that the trial court abused its discretion by sentencing her to serve fifteen months' confinement. We overrule Appellant's second issue.

Having overruled Appellant's two issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 11, 2011

---

[7]*See* Tex. Penal Code Ann. § 12.35(a), (b) (West 2011) (providing that an individual convicted of a state jail felony shall be punished by confinement in state jail for at least 180 days but not more than two years and that he may also be punished by a fine of up to $10,000), *id.* § 32.21(d) (providing that passing a forged check is a state jail felony).

4