02-10-500-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00500-CR

 

 


 
 
 Alisha Davona Alexander
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Pursuant
to a plea bargain, Appellant Alisha Davona Alexander pled guilty to felony
forgery, and the trial court placed her on deferred adjudication community
supervision for four years and ordered that she pay a fine of $300; the fine
was not suspended.  Almost three and a half years later, the State filed its
second motion to proceed to adjudication, alleging that she violated the terms
and conditions of her deferred adjudication community supervision.  After a
hearing, the trial court granted the State’s motion, revoked Appellant’s
deferred adjudication community supervision, adjudicated Appellant’s guilt, and
sentenced her to fifteen months’ confinement.  In two issues, Appellant contends
that the trial court abused its discretion by finding the State’s allegations
true and by sentencing her to fifteen months’ confinement.  Because we hold
that the trial court did not abuse its discretion, we affirm the trial court’s
judgment.

Appellant
pled true to the following allegations in the State’s second motion to adjudicate:

1.       INTENSIVE
DAY TREATMENT AFTERCARE:  The Defendant was ordered to attend and
successfully complete the Intensive Day Treatment program and Aftercare.

a)    In
violation of this condition, the Defendant failed to attend Intensive Day
Treatment Aftercare, on or about the following dates:

July 21, 2010

August 4, 2010

August 11, 2010

August 18, 2010

b)    In violation of
this condition, the Defendant was unsuccessfully discharged from the Intensive
Day Treatment Aftercare, on or about August 18, 2010.

2.       FAILURE
TO REPORT:  The Defendant was ordered to report to the Community
Supervision and Corrections Department of Tarrant County, Texas, immediately
after being placed on probation and no less than monthly thereafter, or as
scheduled by the Court or Supervision Officer, and obey all rules and
regulations of the Department.  In violation of this condition, the Defendant
failed to report as scheduled by [the] Defendant’s Supervision Officer during
the following periods:

.
. . August of 2010[.]

After
a “true but” hearing, the trial court found the specified allegations true,
convicted Appellant, and sentenced her.

In
her first issue, Appellant contends that the trial court abused its discretion
by finding true the allegations to which she pled true.  She argues that her
noncompliance was not her fault.  We review an order revoking community
supervision under an abuse of discretion standard.[2]  In a revocation proceeding,
the State must prove by a preponderance of the evidence that the defendant
violated the terms and conditions of community supervision.[3]  The trial court is the sole
judge of the credibility of the witnesses and the weight to be given their
testimony, and we review the evidence in the light most favorable to the trial
court=s
ruling.[4] 
If the State fails to meet its burden of proof, the trial court abuses its
discretion in revoking the community supervision.[5]  But a plea of true, standing
alone, is sufficient to support the revocation of community supervision.[6]
 Because Appellant pled true to at least one allegation, we hold that the trial
court did not abuse its discretion by revoking her community supervision and
adjudicating her guilt.  We overrule Appellant’s first issue.

In
her second issue, Appellant contends that the trial court abused its discretion
by sentencing her to fifteen months’ confinement.  She essentially claims that
the sentence is unfair because the State sought less time in its plea bargain
offers regarding adjudication, offers that she rejected, and because her
violations were not her fault.  The sentence falls well within the range of
punishment for the offense.[7]  Appellant does not argue
that the sentence is cruel, excessive, or disproportionate, nor did she present
evidence supporting such claims at trial.  Given all the evidence, we cannot
conclude that the trial court abused its discretion by sentencing her to serve
fifteen months’ confinement.  We overrule Appellant’s second issue.

Having
overruled Appellant’s two issues, we affirm the trial court’s judgment.

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 11, 2011









[1]See Tex. R. App. P. 47.4.





[2]Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984).





[3]Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993).





[4]Cardona, 665 S.W.2d
at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel
Op.] 1981).





[5]Cardona, 665 S.W.2d
at 493B94.





[6]Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).





[7]See Tex. Penal Code
Ann. § 12.35(a), (b) (West 2011) (providing that an individual convicted of a
state jail felony shall be punished by confinement in state jail for at least
180 days but not more than two years and that he may also be punished by a fine
of up to $10,000), id. § 32.21(d) (providing that passing a forged check
is a state jail felony).