

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-11-00322-CR
## NO. 02-11-00323-CR
## NO. 02-11-00324-CR

HORACE LAWSON PHILLIPS, III                    APPELLANT
A/K/A HARACE LAWSON
PHILLIPS, III

V.

THE STATE OF TEXAS                              STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Horace Lawson Phillips, III a/k/a Harace Lawson Phillips, III pleaded guilty pursuant to a plea bargain agreement to two charges of aggravated robbery with a deadly weapon and one charge of robbery causing bodily injury, and the trial court placed him on seven years' deferred adjudication

---

[1]*See* Tex. R. App. P. 47.4.

community supervision in each case. Subsequently, the State filed its first amended petition to proceed to adjudication in each case, alleging multiple violations of the conditions of community supervision. At a hearing on the State's petitions, Appellant pleaded "true" to several of the alleged violations. After both sides presented evidence, the trial court found that Appellant had violated the terms and conditions of his community supervision, adjudicated his guilt in each case, and sentenced him to twenty-five years' confinement in his two aggravated robbery cases and fifteen years' confinement in his robbery case. The trial court ordered the sentences to run concurrently. Appellant timely filed notice of these appeals.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court gave Appellant the opportunity to file a brief on his own behalf, but he did not do so. The State did not file a brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we

2

are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.  *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923.  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal.[2]  *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009).  Accordingly, we grant the motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  GARDNER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 19, 2012

---

[2]We note that Appellant's pleas of true to some of the allegations in the State's petitions to proceed to adjudication were sufficient to support the trial court's decision to revoke community supervision and to adjudicate Appellant's guilt in each case.  *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).