02-11-322,323,324-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-11-00322-CR

NO.  02-11-00323-CR

NO.  02-11-00324-CR

 


 
 
 HORACE LAWSON PHILLIPS, III
 A/K/A
 HARACE LAWSON
 PHILLIPS,
 III
 
 
  
 
 
 APPELLANT
  
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371ST District Court OF
Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Horace Lawson Phillips, III a/k/a Harace Lawson Phillips, III pleaded guilty
pursuant to a plea bargain agreement to two charges of aggravated robbery with
a deadly weapon and one charge of robbery causing bodily injury, and the trial
court placed him on seven years’ deferred adjudication community supervision in
each case.  Subsequently, the State filed its first amended petition to proceed
to adjudication in each case, alleging multiple violations of the conditions of
community supervision.  At a hearing on the State’s petitions, Appellant
pleaded “true” to several of the alleged violations.  After both sides
presented evidence, the trial court found that Appellant had violated the terms
and conditions of his community supervision, adjudicated his guilt in each
case, and sentenced him to twenty-five years’ confinement in his two aggravated
robbery cases and fifteen years’ confinement in his robbery case.  The trial
court ordered the sentences to run concurrently.  Appellant timely filed notice
of these appeals.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, these appeals are frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and demonstrating why there are no arguable grounds for appeal.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  This
court gave Appellant the opportunity to file a brief on his own behalf, but he
did not do so.  The State did not file a brief.

          Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.  See Stafford,
813 S.W.2d at 511; Mays, 904 S.W.2d at 923.  Only then may we grant
counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record and counsel’s brief.  We agree with counsel
that these appeals are wholly frivolous and without merit; we find nothing in
the record that arguably might support any appeal.[2] 
See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); see
also Garner v. State, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009).  Accordingly,
we grant the motion to withdraw and affirm the trial court’s judgments.

 

 

PER CURIAM

 

 

PANEL: 
GARDNER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 19, 2012









[1]See Tex. R. App. P. 47.4.





[2]We note that Appellant’s
pleas of true to some of the allegations in the State’s petitions to proceed to
adjudication were sufficient to support the trial court’s decision to revoke
community supervision and to adjudicate Appellant’s guilt in each case.  See
Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).