

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00083-CR

MARTIN MENDOZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 110th District Court
Floyd County, Texas
Trial Court No. 4434, Honorable William P. Smith, Presiding

April 7, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Martin Mendoza appeals the judgment revoking his community supervision. His court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[1] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

---

[1] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008).

Appellant was charged by a May 11, 2010 indictment with evading arrest with a vehicle.[2]  He plead guilty to the charge and stipulated to supporting evidence of guilt. The trial court accepted his plea and imposed a sentence of two years' confinement in a state jail facility probated for four years with a fine of $1,000.

On February 21, 2013, the State filed an amended motion to revoke appellant's community supervision.  The motion alleged multiple violations of the terms of appellant's community supervision order including failing to report to the community supervision department, failing to make payments, and failing to provide verification of completion of community service.

At the hearing of the State's motion, appellant stipulated to the truth of the alleged violations of community supervision and plead "true" to each allegation.[3] Following presentation of evidence, the trial court revoked appellant's community supervision and sentenced him to confinement in a state jail facility for two years.  It also imposed a fine of $1,000 and assessed court costs.

In his *Anders* brief, counsel opines that nothing in the record establishes reversible error and the appeal is frivolous.  The brief discusses the case background and the evidence presented at the hearing.  The brief cites applicable law. Correspondence from counsel to appellant indicates counsel provided appellant a copy of the motion to withdraw and *Anders* brief and advised appellant of his right to file a

---

[2] TEX. PENAL CODE ANN. § 38.04 (West Supp. 2013).

[3] A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision.  *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

response. By letter, this court also notified appellant of his opportunity to submit a response but appellant did not file a response.

In conformity with the standards of the United States Supreme Court, we do not rule on a motion to withdraw before independently examining the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If we determine the appeal has arguable merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App.1991). We have reviewed the entire record to determine whether there is any arguable ground which might support an appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). Finding no arguable ground supporting a claim of reversible error, we agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review with the Court of Criminal Appeals. Tex. R. App. P. 48.4.