

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00220-CR

———————————————

YUSEF AZIZ DOVE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1310607D

Before Sudderth, C.J.; Walker and Meier, JJ.
Memorandum Opinion by Justice Meier

## MEMORANDUM OPINION

Appellant Yusef Aziz Dove appeals a judgment adjudicating him guilty of aggravated robbery with a deadly weapon. *See* Tex. Penal Code Ann. § 29.03(a)(2), (b) (West 2011). In two points, he argues that the trial court abused its discretion by admitting certain testimony and by relying on insufficient evidence to revoke his community supervision. We will affirm.

In March 2013, a grand jury indicted Dove for aggravated robbery with a deadly weapon. Dove pleaded guilty, and the trial court deferred a finding of guilt and placed him on eight years' deferred adjudication community supervision. In May 2018, the State filed its second petition to proceed to adjudication, alleging that Dove had violated several terms and conditions of his community supervision. At a hearing on the petition, Dove pleaded true to paragraphs 2 (failing to abstain from using controlled substances) and 5 (failing to complete community supervision hours) and not true to paragraphs 1 (committing the new offense of resisting arrest) and 3 (failing to take medications as prescribed). The trial court found paragraphs 1, 2, and 4 true, found Dove guilty of aggravated assault with a deadly weapon, and sentenced him to eight years' confinement.[1]

---

[1]The trial court found paragraph 4 (failing to pay community supervision fees) true even though Dove did not enter a plea to it and the State did not offer any evidence in support of it. Neither side raises any issue or argument about the finding. We will not address it.

In his first point, Dove argues that the trial court abused its discretion by permitting his community supervision officer to testify that Dove's behavior was inconsistent with someone who was taking medication because the officer was not qualified to render an expert medical opinion on the matter. *See* Tex. R. Evid. 702. But the testimony was relevant only to the State's allegation contained in paragraph 3 of its second petition to adjudicate—failing to take medications as prescribed, an allegation that the trial court did not find true and could not have had any effect on Dove's conviction and sentence. Thus, any error in admitting the testimony was harmless. *See* Tex. R. App. P. 44.2(b). We overrule Dove's first point.

In his second point, Dove argues that the State failed to meet its evidentiary burden to prove that he committed the new offense of resisting arrest.

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (op. on reh'g); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

A person resists arrest "if he intentionally prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest . . . by using force against the peace officer . . . ." Tex. Penal Code Ann. § 38.03(a) (West 2016). The evidence

3

showed that Dove was in the office of his community supervision officer when two uniformed sheriff's deputies entered and attempted to place him under arrest for an outstanding warrant. Dove stood up but pulled his right hand away from one of the deputies who was attempting to handcuff him, and when the deputies grabbed his arms, Dove pushed back against both of them with his body weight. The deputies shoved Dove's face down into some chairs and, with the help of a third deputy, managed to pry Dove's hands apart and to place him in handcuffs. The State proved by a preponderance of the evidence that Dove resisted arrest. *See id.*; *see also Elahee v. State*, No. 04-16-00041-CR, 2016 WL 7232452, at \*3–4 (Tex. App.—San Antonio Dec. 14, 2016, no pet.) (mem. op., not designated for publication) (holding that pushing against officers and patrol car constituted force against officer within meaning of section 38.03); *Roberson v. State*, No. 07-16-00163-CR, 2016 WL 7187466, at \*2 (Tex. App.—Amarillo Dec. 8, 2016, no pet.) (mem. op., not designated for publication) (holding evidence sufficient to sustain conviction for resisting arrest when defendant refused to place arms behind his back and pulled and pushed away from officers); *Yarbrough v. State*, 429 S.W.3d 118, 122–23 (Tex. App.—Amarillo 2014, no pet.) (holding evidence sufficient to sustain conviction for resisting arrest when defendant pushed back against officer and attempted to release officer's bear hug).

The trial court did not abuse its discretion by revoking Dove's community supervision for committing the new offense of resisting arrest.[2] We overrule his second issue.

Having overruled Dove's two points, we affirm the trial court's judgment adjudicating guilt.

/s/ Bill Meier
Bill Meier
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 18, 2018

---

[2]Regardless, a plea of true, standing alone, is sufficient to support the revocation of community supervision.  *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).  Dove pleaded true to paragraph 2 of the State's second petition to proceed to adjudication (failing to abstain from using controlled substances), the trial court found paragraph two true, and Dove asserts no point on appeal challenging the trial court's finding.  Thus, revocation was independently proper on that basis.