# NO. 12-22-00260-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LUCERO HERNANDEZ,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| | *§* | *DISTRICT COURT* |
| *V.* | | |
| | *§* | *SMITH COUNTY, TEXAS* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | | |

## *MEMORANDUM OPINION*

Lucero Hernandez appeals her conviction for aggravated assault against a public servant following the trial court's revocation of her deferred adjudication community supervision. In her sole issue, Appellant challenges the sufficiency of the evidence supporting the trial court's finding that she violated the terms of her community supervision by committing the offenses of possession of marijuana and driving while intoxicated. We affirm.

### BACKGROUND

Pursuant to a plea bargain agreement, Appellant pleaded "guilty" to aggravated assault against a public servant. The trial court found the evidence sufficient to find Appellant "guilty," but deferred further proceedings and placed Appellant on community supervision for eight years. The State subsequently filed a motion to adjudicate, which alleged numerous violations of the terms of Appellant's community supervision. Appellant pleaded "true" to the allegations in paragraphs one, four through nine, and eleven through fifteen, which included failing to report on two occasions, possessing an alcoholic beverage on three occasions, drinking an alcoholic beverage on two occasions, failing to report contact with law enforcement to her supervision officer within forty-eight hours, failing to report to her supervision officer within forty-eight hours after release from jail or other confinement, and failing to submit to a random urinalysis on three occasions.

Appellant pleaded "not true" to paragraphs two, three, and ten, which alleged that she committed the offenses of driving while intoxicated and possession of marijuana.[1] After conducting an evidentiary hearing, the trial court found that all the allegations in the State's motion to adjudicate were "true," granted the State's motion to adjudicate, found Appellant "guilty" of aggravated assault against a public servant, and assessed punishment at twenty years of confinement. This appeal followed.

## REVOCATION OF COMMUNITY SUPERVISION

In one appellate issue, Appellant challenges the sufficiency of the evidence supporting the trial court's finding that she committed new offenses of driving while intoxication and possession of marijuana, as set forth in paragraphs two, three, and ten of the motion to adjudicate guilt. Specifically, Appellant argues that the evidence did not establish that (1) the green, leafy substance found in her possession was a usable quantity of marijuana rather than hemp, and (2) Appellant was the operator of the car in which she was found to be intoxicated. Appellant asks this Court to reverse the trial court's judgment and remand the case to the trial court.

### Applicable Law

We review a trial court's decision to revoke community supervision and proceed with an adjudication of guilt for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). At a revocation hearing, the State has the burden to establish the alleged violations by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006); *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of a single violation of the terms of community supervision is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). In addition, it is well settled that a plea of "true," standing alone, supports revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

### Analysis

As discussed above, Appellant pleaded "not true" to the allegations in the motion to adjudicate that concerned the commission of new offenses, and six witnesses testified at the

---

[1] Both paragraph three and paragraph ten of the motion to adjudicate allege that Appellant possessed a controlled substance (marijuana) on February 14, 2022.

hearing. Appellant pleaded "true" to all the other allegations. Because proof by a preponderance of any one of the alleged violations of the conditions of Appellant's community supervision was sufficient to support revocation, and Appellant pleaded "true" to numerous violations, we need not address Appellant's challenge to the sufficiency of the evidence supporting the trial court's finding that the allegations regarding the commission of new offenses were "true." *See* TEX. R. APP. P. 47.1; *Cole*, 578 S.W.2d at 128. We conclude that the trial court did not abuse its discretion by revoking Appellant's community supervision and proceeding to adjudicate her "guilty." *See Hacker*, 389 S.W.3d at 865; *Rickels*, 202 S.W.3d at 763. Accordingly, we overrule issue one.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered June 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2023

NO. 12-22-00260-CR

**LUCERO HERNANDEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1137-17)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that the decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*